## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALBERT C. BLACK III, as TRUSTEE OF PM SETTLEMENT TRUST and SUBSTITUTE PLAINTIFF ON BEHALF OF PENNY HAAB MOORE, CHRISTA PETRUSA, JOSEPH PETRUSA, THE KAREN THOMAS FAMILY TRUST, ALBEAZUL, LLC, JEFF WENDEL, JAMES DUDOVICK, ADRIANA VAN HEMERT, RICARDO YANEZ, THE ESTATE OF MALCOM R. DILLON, JOSE GUERRO, SHARON MILLER, TERRY SCHACKOW, DEBRA SUE TAYLOR, JOHN RENTERIA, DMAR FINANCIAL CORP., JONATHON M. HICKS, NANCY SMITHERMAN, ANDREA LEDBETTER and TED WILSON and others similarly situation, and as Wind-Up Agent of PetroRock Mineral Holdings, LLC, | COURT FILE NO. 3:23-CV-02701 |
| *Plaintiff,* | |
| v. | |
| STEFAN T. TOTH, 2X5 ENTERPRISES LIMITED PARTNERSHIP, THE 2X5, HOMEBOUND RESOURCES, LLC, RESOLUTE CAPITAL PARTNERS LTD, LLC; RESOLUTE CAPITAL ADVISORS, LLC; RESOLUTE CAPITAL MANAGEMENT SERVICES, LLC; THOMAS J. POWELL, POWELL I.P, LLC; MOUNTAIN HIGH CAPITAL, LLC; | **BRIEF IN SUPPORT OF THE RESOLUTE ENTITIES' MOTION TO DISMISS** |

i

MOUNTAIN HIGH CAPITAL;
MANAGEMENT LLC; STRATEGIC
ENERGY ASSETS, LLC; TENACITY
HOLDING COMPANY LLC;
TIBURON HOLDINGS; RESOLUTE
CAPITAL MANAGERS, LLC; RCP-
LTD., LLC; RCMG, LLC; RESOLUTE
ENERGY CAPITAL, LLC; FOX-IP,
LLC; LOVE 2 LIVE, LLC; LOVE 2
LIVE HOLDINGS, INC.; STEFAN
TOTH FAMILY TRUST;
CONSTANTINE CAPITAL, LLC;
HOMEBOUND FINANCIAL GROUP,
LP; TED ETHEREDGE;
JACQUELINE KUIPER; CANDACE
POWELL; LEONARD TOTH;
HOMEBOUND ENERGY, LLC;
HOMEBOUND, LLC; PETROROCK
PRODUCTION HOLDINGS, LLC;
TOTH INVESTMENTS, LLC;
FELFRAN INVESTMENTS, LLC;
FRTR REALTY COMPANY, LLC;
HOMEBOUND CONSTRUCTION
SERVICES, LLC; PETROROCK
PIPELINE & SWD, LLC; TPS
ENERGY, LLC; TPS ENERGY 2,
LLC; TPS REALTY, LLC; MINERVA
MIDSTREAM, LLC; MINERVA
MIDSTREAM MANAGEMENT, LLC;
CRUDE ANC, LLC; FLINT ROCK
MARKETING, LLC; N MASTER
HOLDINGS, LLC; RIVERFRONT
MINERALS, LLC; ELM CAPITAL,
LLC; JLTH AT NORTH GP, LLC;
EDERVILLE PARK TOWNHOMES,
LLC; and MCKENNY 90
TOWNHOMES, LLC

*Defendants.*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ....................................................................................v

INTRODUCTION .............................................................................................1

ARGUMENT ...................................................................................................4

I.      The CAP Fails to State Any Claim on Which Relief Can Be Granted ..........4

        A.      Summary of the CAP .........................................................................4
        B.      Applicable Legal Standards ...............................................................5
        C.      The CAP Fails to Comply with Rules 9 and 12 ..................................8
                1.      The CAP Improperly Pleads on the Basis of "Information"
                        and Belief" ..............................................................................8
                2.      The CAP Fails to Identify the Allegedly Wrongful Conduct
                        of the Named Parties ................................................................9
        D.      The CAP Fails to Allege the Elements of the Asserted Claims ..........11
                1.      The First Claim is Not Adequately Pled...................................12
                2.      The Second Claim is Not Adequately Pled ..............................13
                3.      The Third Claim is Not Adequately Pled .................................14
                4.      Claim Four is Not Adequately Pled..........................................15
                5.      Claim Five is Not Adequately Pled ..........................................16
                6.      Claim Six is Not Adequately Pled ............................................16
                7.      Claim Seven is Not Adequately Pled........................................18
                8.      Claim Eight is Not Adequately Pled.........................................19

II.     Three of the Resolute Entities Are Not Subject to Jurisdiction in Texas......20

III.    The CAP Fails to Acknowledge the Application Arbitration Clauses..........21

CONCLUSION .................................................................................................22

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Insurance Company v. Benhamou*,
190 F. Supp. 3d 631 (S.D. Tex. 2016) ..........................................................17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....................................................................................5, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).........................................................................................8

*Blount v. Bordens Inc.*,
910 S.W.2d 931 (Tex. 1995) .........................................................................18

*Campbell v. Tex. Tea Reclamation, LLC*,
2021 W.L. 2211690 (S.D. Tex. May 6, 2021)...............................................19

*Carroll v. Timmers Chevrolet, Inc.*,
592 S.W.2d 922 (Tex. 1979) .........................................................................17

*Crooks v. M1 Real Estate Partners, Ltd.*,
238 S.W.3d 474 (Tex. App.—Dallas 2007) ..................................................14

*Crosswell v. Rodriguez*,
2023 W.L. 6206911 (S.D. Tex. 2023)............................................................19

*Cruz v. Resolute Capital Partners Ltd. LLC*,
Case No. 3:22-cv-02349-E (N. D. Tex. 2023) ..........................................3, 21

*In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*,
888 F.3d 753 (5th Cir. 2018) .........................................................................16

*Dodd v. Savino*,
426 S.W.3d 275 (Tex. App.—Houston [14th Dist.] 2014) ...........................14

*Dorsey v. Portfolio Equities, Inc.*,
540 F.3d 333 (5th Cir. 2008) ...........................................................................7

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

**Cases**

*EEMSO, Inc. v. Compex Technologies, Inc.*,
  2006 W.L. 8437456 (N.D. Tex. 2006) ..........................................................15

*Funk v. Stryker Corp.*,
  673 F. Supp. 2d 522 (S.D. Tex. 2009),
  *aff'd*, 631 F.3d 777 (5th Cir. 2011) ...............................................................8

*United States ex rel. Grubbs v. Kanneganti*,
  565 F.3d 180 (5th Cir. 2009) .......................................................................17

*Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia*,
  995 F. Supp. 2d 587 (N.D. Tex. 2014) ....................................................20, 21

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross &*
*Blue Shield of Georgia, Inc.*,
  892 F.3d 719 (5th Cir. 2018) ..........................................................................8

*Ins. Co. of N. Am. v. Morris*,
  981 S.W.2d 667 (Tex. 1998) .........................................................................17

*Jacobowitz v. Range Res. Corp.*,
  596 F. Supp. 3d 659 (N.D. Tex. 2022) ...........................................................7

*In re Key Energy Servs., Inc. Sec. Litig.*,
  166 F. Supp. 3d 822 (S.D. Tex. 2016)..............................................................7

*Morgan v. Hubert*,
  335 F. App'x 466 (5th Cir. 2009)....................................................................5

*Navigant Consulting, Inc. v. Wilkinson*,
  508 F.3d 277 (5th Cir. 2007) ........................................................................13

*Nwokedi v. Unlimited Restoration Specialists, Inc.*,
  428 S.W.3d 191 (2014)..................................................................................19

*Ramirez v. Allstate Vehicle & Prop. Ins. Co.*,
  490 F. Supp. 3d 1092 (S.D. Tex. 2020)...........................................................6

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

**Cases**

*Shoemaker v. Whistler's Estate*,
     513 S.W.2d 10 (Tex. 1974) ..........................................................................18

*Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*,
     365 F.3d 353 (5th Cir. 2004) ....................................................................6, 8

*Strickland v. Bank of New York Mellon*,
     838 F. App'x 815 (5th Cir. 2020) .................................................................7

*In re Today's Destiny*,
     2009 W.L. 1232108 (Bankr. S.D. Tex. 2009) ..............................................6

*In re Uplift RX,* LLC,
     2023 W.L. 5355353, *13 (Bankr. S.D. Tex. 2023) .....................................16

*Texas Dept. of Transp. v. Able*
     35 S.W.3d 608 (Tex. 2000) ..........................................................................18

*Triplex Communications, Inc. v. Riley*,
     900 S.W.2d 716 (Tex. 1995) ........................................................................18

**Statutes**

Restatement (Second) of Torts § 491..................................................................18

Tex. Bus & Com. Code § 24.005(a)(1)...............................................................19

Tex. Gov't Code § 4008.052................................................................................12

**Rules**

Fed. R. Civ. P. 8 .......................................................................................5, 11, 20

Fed. R. Civ. P. Rule 9 ...................................................................6, 11, 12, 17, 19

Fed. R. Civ. P. Rule 10 ........................................................................................8

Fed. R. Civ. P. Rule 12 (b)(6) ..........................................................................5, 6

## INTRODUCTION

1.      On May 3, 2022, a Petition was filed in Texas state court on behalf of an entity called PetroRock Mineral Holdings, Inc. ("PRMH"). This petition sought an orderly disposition of the assets of PRMH for the benefit of PRMH's creditors. In June 2022, as requested in the initial petition, the court appointed a "Wind Up Agent."

2.      In the summer of 2022, groups of investors in PRMH filed Petitions in Intervention seeking recovery from an array of parties for alleged losses resulting from their investment in, and the management of, PRMH. In September 2022, the investors settled their claims against PRMH. The state court certified a class and in April 2023 issued an Order stating that investors who did not opt out of the class had been deemed to assign their claims against third parties to Plaintiff.

3.      In September 2023, Plaintiff filed a Consolidated Amended Petition ("CAP") in state court. As demonstrated below, this pleading is little more than a list of defendants and some generalized, vague assertions of wrongful conduct. The CAP states that Plaintiff has stepped into the shoes of the investors, consolidates and continues the previously-filed claims, and adds many new third parties. The CAP was served on three of the Resolute Entities, by agreement of counsel, on November 10, 2023. Those entities then removed this case to this Court. The CAP

1

allegedly was served on the other Resolute Entities, who now join in this motion to dismiss.

4.      On December 20, 2023, this Court entered an Order setting the following deadlines:

- January 15, 2024: deadline for the Served Defendants to provide the required written notification of the issues to be raised in a motion to dismiss;

- January 29, 2024: deadline for the parties to "meet and confer" regarding a motion to dismiss;

- February 5, 2024: deadline for Plaintiff to provide the required written advisory of Plaintiff's intent to file an Amended Complaint;

- February 12, 2024: deadline for Plaintiff to file an Amended Complaint; and

- February 23, 2024: deadline for the Served Defendants to answer or otherwise plead (such as by filing a motion to dismiss) in response to the Consolidated Amended Petition.

5.      On January 15, 2024, the Resolute Entities provided written notification to Plaintiff of the issues to be raised in a motion to dismiss. (Ex. 1.) After the parties "met and conferred", Plaintiff stated his intent to file an amended pleading.

6.      On February 1, 2024, Plaintiff filed a motion to stay. (Doc. 17.) This motion sought a stay of proceedings until Plaintiff's motion to remand was resolved or, in the alternative, for an extension of time until March 15, 2024 to file an

amended Complaint. The Motion to Stay has not been decided, and Plaintiff has not filed an amended pleading.

7.    Accordingly, the Resolute Entities now file this Motion to Dismiss the Consolidated Amended Petition. This Court should dismiss the CAP for any of the following reasons:

**First**: the CAP does not state any claim on which relief can be granted against any of the Resolute Entities. The CAP does not provide any allegations that any of these entities are liable to any of the investors for the alleged fraud. Many of the Resolute Entities are not even identified in the body of the CAP.

**Second**: three of the Resolute Entities are not subject to the jurisdiction of the courts in the state of Texas. The CAP does not even attempt to allege facts showing that these entities are subject to jurisdiction in Texas.

**Third**: as demonstrated by this Court's decision in *Cruz v. Resolute Capital Partners Ltd. LLC*, Case No. 3:22-cv-02349-E (N. D. Tex. 2023), many – if not most – of the individual investors' claims arising out of their investments in PetroRock Mineral Holdings are subject to arbitration clauses.

8.    Simply put, the CAP fails in its most basic purpose of identifying the allegedly actionable conduct and providing notice to the defendants named in it of the claims against them.

# ARGUMENT

## I.    The CAP Fails to State Any Claim on Which Relief Can Be Granted.

### A.    Summary of the CAP.

9.    The CAP generally alleges securities fraud, mismanagement, and other conduct that caused a loss of more than $200,000,000, involving thousands of investors, and investments over several years. (CAP, ¶ 1.) Despite the magnitude of the allegations, the CAP is bereft of any details regarding the alleged fraud or other actionable conduct.

10.    An outline of the CAP illustrates its brevity and lack of substance:

- Paragraphs 1-5 contain an incomplete history of the proceedings in state court.

- Paragraphs 5-59 list the defendants. Many of the parties listed in these paragraphs appear nowhere else in the CAP.

- Paragraphs 60-61 concern venue and jurisdiction.

- Paragraphs 62-89 set forth the "Factual Background" of the claims.[1]

- Paragraphs 90-135 list eight asserted claims, which are:

  o    First Claim: Violation of Texas Revised Civil Statute Annotated § 581- § 33

  o    Second Claim: Breach of Fiduciary Duty to PRMH and to Investors

  o    Third Claim: Alter Ego and Corporate Veil Piercing

---

[1] The Resolute Entities reserve the right to challenge any of the facts stated in the CAP.

o    Claim Four: Constructive Trust

o    Claim Five: Aiding and Abetting Breach of Fiduciary Duty

o    Claim Six: Conspiracy Liability

o    Claim Seven: Joint Enterprise

o    Claim Eight: Fraudulent Transfers

- Paragraphs 136-139 set forth the basis for the tolling of applicable statutes of limitation.

11.    As discussed below, the CAP fails to plausibly allege the factual bases of the elements of the eight claims.

## B.    Applicable Legal Standards.

12.    Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

13.    Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a lawsuit for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard simply calls for enough fact to raise a reasonable

expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (quotations omitted). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In deciding a motion to dismiss under Rule 12(b)(6), the court is not required to "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

14.    Many of the allegations in the CAP sound in fraud. Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud." Rule 9(b) applies to any averment of fraud within a claim that has a fraud-based element." *In re Today's Destiny*, 2009 W.L. 1232108, at *6 (Bankr. S.D. Tex. 2009) citing *Lone Star Ladies Inc. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368–69 (5th Cir. 2001)). This requirement plays a screening function, standing as "'a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later.'" *Ramirez v. Allstate Vehicle & Prop. Ins. Co*., 490 F. Supp. 3d 1092, 1116 (S.D. Tex. 2020) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009)).

15.    In a fraud-based claim, the plaintiff cannot group the defendants together; instead, the plaintiff must differentiate the parties and inform each defendant of the allegations regarding each defendant's alleged participation in the

fraud. *See, e.g.*, *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 366 (5th Cir. 2004) ("Consistent with our rejection of the 'group pleading' doctrine, we do not construe allegations contained in the Complaint against the 'defendants' as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded."); *In re Key Energy Servs., Inc. Sec. Litig.*, 166 F. Supp. 3d 822, 831 (S.D. Tex. 2016) ("The Fifth Circuit does not permit group pleading in securities fraud suits.") (citing *Owens v. Jastrow*, 789 F.3d 529, 537 (5th Cir. 2015)); *Jacobowitz v. Range Res. Corp.*, 596 F. Supp. 3d 659, 687 (N.D. Tex. 2022) ("plaintiffs [must] distinguish among those they sue and enlighten each defendant as to his or her particular part in the alleged fraud.") (internal quotation marks and citation omitted).

16.    In addition, the plaintiff must specifically identify the who/what/when/where/how of the alleged misconduct, must specify what is false or/misleading about each statement, and must specifically identify the plaintiff's reliance upon the false statements. *See, e.g.*, *Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 820 (5th Cir. 2020) ("For each fraudulent representation … [plaintiffs] must show who made the statement, where and when it was made, and why it was fraudulent."); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 340 (5th Cir. 2008) ("To establish a claim for securities fraud under [applicable law], Dorsey

must plead with particularity that the Defendants' misstatement or omission of material fact was made with the intent to defraud, that he relied on the misstatement, and that the misstatement proximately caused his injuries."); *Southland.*, 365 F.3d at 362 ("To state a securities-fraud claim under section 10(b) [of the Securities Exchange Act], and Rule 10b–5 [of the Private Securities Litigation Reform Act (PSLRA)], plaintiffs must plead (1) a misstatement or omission; (2) of a material fact; (3) made with scienter; (4) on which the plaintiffs relied; and (5) that proximately caused the plaintiffs' injuries.").

### C.    The CAP Fails to Comply With Rules 9 and 12.

17.    The CAP fails to meet the basic pleading standards described above and, therefore, should be dismissed.

#### 1.    The CAP Improperly Pleads on the Basis of "Information and Belief."

18.    Many allegations in the CAP are qualified by the phrase "upon information and belief." *See* pars., 72, 76, 77, 78, 83, 84, 97. Many others are qualified by the similar term "likely." *See* Pars. 83, 85, 86, 87, 88, 89, 108, 109, 128, 129, 130, 130, 131, 132, 139. While it can be permissible to make allegations "on information and belief," the plaintiff still must provide "sufficient fact pleading to make a claim plausible." *Funk v. Stryker Corp.*, 673 F. Supp. 2d 522, 525 (S.D. Tex. 2009), *aff'd*, 631 F.3d 777 (5th Cir. 2011). In *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018), the

Court noted, "[T]he *Twombly* plausibility standard, which applies to all civil actions, ... does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant ... or where the belief is based on factual information that makes the inference of culpability plausible." (internal quotation marks and citations omitted).

19.    Here, the facts are *not* "peculiarly within the possession and control" of the defendants. The Plaintiff was appointed Wind-Up Agent in June 2022, and the Consolidated Amended Petition was not filed until September 2023. Thus, Plaintiff has had ample opportunity to examine the relevant books and records, conduct a proper investigation, and base his allegations on actual facts – not suppositions, assumptions, and innuendo. Thus, under these circumstances, the CAP's attempt to allege matters solely on the ground of "information and belief" or that it is "likely" that wrongful conduct occurred is insufficient and should lead to dismissal with prejudice.

## 2.    The CAP Fails to Identify the Allegedly Wrongful Conduct of the Named Parties.

20.    Second, the CAP makes no attempt to distinguish among the defendants.

21.    The heading of the First Claim states that it is asserted against "All Defendants," but nothing in the body of the First Claim makes any material distinctions regarding the parties' alleged conduct. Further, none of the remaining

claims has any language identifying the defendants against which the count is asserted. Nor does the body of each count provide any meaningful guidance. Thus, as to each of the eight claims asserted in the CAP, each defendant is left to guess whether, and how, each such claim applies to it.

22.    The CAP does not identify any of the details of the alleged fraudulent conduct. It does not allege how any of the Resolute Entities' conduct was fraudulent. Instead, it describes the sales of the securities in the broadest possible terms without making any effort to describe or account for the actual process by which investors purchased interests in PRMH, the differences in regarding the purchases of debt and equity securities, the terms of the agreements signed by the investors, and other critical details regarding the alleged misconduct. It does not allege the content of any of the statements allegedly made to the investors, who made the statements, or other details. In fact, the CAP fails to allege that any statement made to any investor by any particular defendant was materially false at the time the statement was made.

23.    The CAP's failure to specify whether any of the defendants identified in the caption engaged in any of the alleged conduct takes on additional importance due to the fact that many of the identified defendants are not even mentioned in the body of the pleading – and many others are mentioned only in passing. For any defendant that is not even mentioned in the body of the pleading, this Court should conclude that the CAP fails to state any claim.

24.    Specifically with reference to the Resolute Entities, only one of them – RCP – is mentioned in the body of the CAP. (*See* CAP, ¶¶ 62, 65, 66, 72, 101, 116, 119.) As discussed below, only paragraph 62 even approaches an allegation of wrongful conduct by RCP, and the CAP thus fails to state any claim against RCP. The others – RCM, RMS, REC, SEA, and Fox – are mentioned only in the paragraphs of the CAP that identify those parties. (CAP, ¶¶ 13, 17, 20, 23, 24.)

25.    In an apparent effort to overcome the inability to identify any specific wrongful conduct of any of the Resolute Entities, the CAP improperly refers to "defendants" as a group, without making any attempt to state allegations regarding the conduct of any specific defendant(s). (*See, e.g.*, CAP, heading before par. 75, pars. 81, 87, 92-98, 106, 108, 113, 121, 122, 125, 126, 128, 129, 132, 137.) Again, the Resolute Entities are forced to guess whether the many references to "defendants" as a group are meant to include them.

26.    The CAP thus fails to state any claim against any of the Resolute Entities and should be dismissed.

### D.    The CAP Fails to Allege the Elements of the Asserted Claims.

27.    Not only does the CAP fail to plausibly allege the factual bases of the claims identified in it as required by Rules 8 and 9, it also fails to allege the elements of those claims.

### 1.    The First Claim is Not Adequately Pled.

28.    The CAP's First Claim alleges that "All Defendants" violated the "Texas Securities Act Blue Sky Law, Texas Revised Civil Statute Annotated § 581-33."[2] This claim is not adequately pled against any of the Resolute Entities.

29.    A private right of action under the Texas Securities Act requires proof of a sale or offer to sell a security, made to the plaintiff by means of a statement or omission that is material in light of the circumstances Tex. Gov't Code § 4008.052. Further, the plaintiff must have purchased the security from the defendant. *Id*. And, as noted above, under Rule 9, the circumstances regarding fraud must be pleaded with specificity. While the CAP does not allege these elements against *any* defendant, it is sufficient here to note that the CAP does not allege these elements against any of the Resolute Entities.

30.    The only act alleged against any of the Resolute Entities in this First Claim is the allegation in paragraph 62 that RCP sold unregistered securities to investors.[3] This allegation provides no details regarding why these sales were unlawful. It provides no details regarding the actual process by which the securities were sold. Instead, the claim seems to rest on the wholly implausible foundation that

---

[2] The Securities Act has been recodified, without any substantive or material changes to the relevant provisions.

[3] RCP is mentioned in paragraphs 65, 66, and 72, none of which allege that RCP engaged in wrongful conduct.

all sales to each of the thousands of investors over several years (regardless of when or to whom made, regardless of how made, and regardless of whether the securities were debts or equity) were identical in all material respects. It provides no details regarding any alleged statements actually made by RCP to any of the investors. And it provides no details regarding any direct benefit to RCP from any sales of securities.

31.    This Court should dismiss the First Claim.

### 2.    The Second Claim is Not Adequately Pled.

32.    The second claim alleges a breach of fiduciary duty to PRMH and the investors. This claim does not identify the defendants against whom it is asserted. To the extent it is purportedly asserted against any of the Resolute Entities, the claim must fail.

33.    A claim for breach of fiduciary duty requires: (1) the existence of a fiduciary relationship; (2) a breach of the fiduciary duty; and (3) the breach resulted in injury to the plaintiff or benefit to the defendant. *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007).

34.    Here, the CAP does not provide any factual basis for any argument that any of the Resolute Entities owed fiduciary duties to any investor. The CAP does not articulate the specifics of the alleged duty. It does not plead that any of the Resolute Entities were officers or directors of PRMH. Even if it did, such an allegation would not support a claim of fiduciary duty with respect to the *investors.*

And it does not allege any conduct by any of the Resolute Entities that constituted a breach of any such duty. The allegation in paragraph 101 that RCP created investor funds does not equate to an allegation that RCP owed a fiduciary duty, nor does it allege that RCP a breached any duty that it may have owed to any of the investors.

35.     This Court should dismiss the Second Claim.

### 3.     The Third Claim is Not Adequately Pled.

36.     The Third Claim purports to state a cause of action for "alter ego and veil piercing." Without providing any factual support, the claim states that a list of entities should be held liable on the ground the entities were "a sham to perpetuate a fraud on investors and PRMH." (CAP, ¶ 108.)

37.     Veil-piercing doctrines such as alter ego are not independent or substantive causes of action. *Dodd v. Savino*, 426 S.W.3d 275, 291 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Crooks v. M1 Real Estate Partners, Ltd.*, 238 S.W.3d 474, 488 (Tex. App.—Dallas 2007, *pet. denied*). Rather, they are a means of imposing on an individual a corporation's liability for an underlying cause of action. *Id.*, citing *Crooks*, 238 S.W.3d at 488. "Without an underlying cause of action creating corporate liability, evidence of an abuse of the corporate form is immaterial." *Id.*, citing *Cox v. S. Garrett, L.L.C.*, 245 S.W.3d 574, 582 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (quoting *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 147 (Tex. App.—Houston [14th Dist.] 2000, *pet. denied*)).

38.     Even if the "alter ego" and veil piercing were viable claims, here they are not sufficiently pled. The claim against the Resolute Entities is based entirely on supposition and innuendo. The argument seems to be, not that an individual should be held liable for a corporation's conduct, but rather that a long list of entities – nearly all of which have no alleged connection with the events – are liable for other entities' conduct. The CAP insinuates that the entities identified in paragraph 108 were created for an improper purpose but makes no factual allegations to support its inflammatory claims.

39.     This Court should dismiss the Third Claim.

### 4.    Claim Four is Not Adequately Pled.

40.     Claim Four asks the Court to impose a "constructive trust."

41.     To the extent a constructive trust is cause of action, such a trust may be imposed where there is either a "(1) breach of an informal relationship of special trust or confidence arising prior to the transaction in question, or (2) actual fraud." *EEMSO, Inc. v. Compex Technologies, Inc.*, 2006 W.L. 8437456 (N.D. Tex. 2006) citing *Gruber v. Deuschle*, 261 F. Supp. 2d 682, 696 (N.D. Tex. 2003). The CAP does not allege any of these elements against the Resolute Entities. Therefore, Claim Four should be dismissed.

### 5. Claim Five is Not Adequately Pled.

42. Claim Five purports to state a claim for "aiding and abetting breach of fiduciary duty." Again, this claim does not identify the defendants as to which this claim is asserted. To the extent this claim is purportedly asserted against any of RCP, RCM, and RMS, the claim must fail as currently pled.

43. It is not clear that Texas even recognizes this claim. *See In re Uplift RX, LLC*, 2023 W.L. 5355353, *13 (Bankr. S.D. Tex. 2023) citing *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N. A*., 800 Fed. Appx. 239, 250 (5th Cir. 2020) (unpublished); *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig*., 888 F.3d 753, 781 (5th Cir. 2018). Even if it does, the claim is not adequately pled. Again, this claim does not identify the party(ies) who allegedly owed the fiduciary duty, the contours of the duty, the specific actions that constituted a breach(es) of the duty, or the actions that constituting an "aiding and abetting" of any such breach(es). The allegation in paragraph 116 that RCP created funds and raised money from investors does not remotely approach these required elements.

44. This Court should dismiss Claim Five.

### 6. Claim Six is Not Adequately Pled.

45. Claim Six alleges that a civil conspiracy to defraud the investors. Once again, this claim does not identify the defendants as to which this claim is asserted.

To the extent it is purportedly asserted against any of the Resolute Entities, the claim must fail.

46.    A claim for civil conspiracy requires proof of the following: 1) two or more persons; 2) an objective to be accomplished; 3) a meeting of the minds on the objective or course of action; 4) one or more unlawful, overt acts; 5) resulting damages. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998). The agreement need not be formal, and each conspirator need not know all the details. *Id.*, citing *Bourland v. State*, 528 S.W.2d 350, 354 (Tex. Civ. App.—Austin, 1975, writ ref'd n.r.e.). To be jointly and severally liable, an alleged conspirator must have acted "in pursuance of the common purpose of the conspiracy." *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 928 (Tex. 1979).

47.    Rule 9(b) applies to a state-law claim of conspiracy to commit fraud. *Allstate Insurance Company v. Benhamou*, 190 F. Supp. 3d 631, 665 (S.D. Tex. 2016) (emphasis added) (further citations omitted). A plaintiff alleging a conspiracy to commit fraud must plead with particularity the conspiracy as well as the overt acts in furtherance of the conspiracy. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009 ") (quoting *FC Inv. Group LC v. IFX Markets*, Ltd., 529 F.3d 1087, 1097 (D.C. Cir. 2008)).

48.    Here, Claim Six merely alleges is a combination of two people for an unlawful purpose. It does not plead any facts in support of the other elements of the claim. This Court should dismiss Claim Six.

### 7.    Claim Seven is Not Adequately Pled.

49.    The CAP's claim for "Joint enterprise" is likewise subject to dismissal.

50.    Joint enterprise liability makes "each party thereto the agent of the other and thereby to hold each responsible for the negligent act of the other." *Texas Dept. of Transp. v. Able*, 35 S.W.3d 608 (Tex. 2000), citing *Shoemaker v. Whistler's Estate*, 513 S.W.2d 10, 14 (Tex. 1974). In *Shoemaker* the Supreme Court of Texas adopted the definition of joint enterprise as stated in section 491, comment c of the Restatement of Torts. That section states:

> [t]he elements which are essential to a joint enterprise are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

Restatement (Second) of Torts § 491 cmt. c (1965); see also *Blount v. Bordens Inc.*, 910 S.W.2d 931, 933 (Tex. 1995); *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 718 (Tex. 1995).

51.    The premise of Claim Seven appears to be that every named defendant participated in a fraud. However, the allegations Seven fail to give any defendant

18

any insight as to what the joint enterprise was, how it was carried out or each defendant's alleged role in the joint enterprise.

52.     This Court should dismiss Claim Seven.

### 8.     Claim Eight is Not Adequately Pled.

53.     Claim Eight seeks recovery for alleged fraudulent transfers.

54.     To prevail on a Texas Uniform Fraudulent Transfer Act ("TUFTA") claim, a plaintiff must prove that (1) she is a "creditor" with a claim against a "debtor"; (2) the debtor transferred assets after, or a short time before, the plaintiff's claim arose; and (3) the debtor made the transfer with the intent to hinder, delay, or defraud the plaintiff. *Crosswell v. Rodriguez*, 2023 W.L. 6206911 (S.D. Tex. 2023); *Nwokedi v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 204 (2014); TEX. BUS. & COM. CODE § 24.005(a)(1)). Claims under § 24.005(a)(1) for actual fraudulent transfer must satisfy Rule 9(b) because "an essential element of an actual fraudulent transfer claim ... is a fraudulent state of mind." *Campbell v. Tex. Tea Reclamation, LLC,* 2021 W.L. 2211690, at *5 (S.D. Tex. May 6, 2021).

55.     As with the other claims, Claim Eight improperly relies on pleading that actionable conduct "likely" occurred, fails to identify any specific transfers, and fails to allege that any actual transfers were made without providing reasonably equivalent value.

56.     Claim Eight should be dismissed.

## II.    Three of the Resolute Entities Are Not Subject to Jurisdiction In Texas.

57.    This Court should dismiss three of the Resolute Entities on the ground that Plaintiff has not even attempted to identify a basis on which this Court – or any court in the State of Texas – could exercise jurisdiction over them.

58.    The CAP casts a wide net over individuals and entities without – in most cases – making any allegations as to their connections to Texas. Paragraphs 10-24 list a group of entities that Plaintiff calls "the Powell Corporate Defendants." As noted above, the CAP has been served on three of those entities and has possibly been served on three more. The CAP makes no jurisdictional allegations with respect to three of those six entities: Resolute Capital Managers, LLC ("RCM"), Resolute Energy Capital LLC, and Fox-IP LLC. (CAP, ¶¶ 20, 23, 24.)

59.    Fed. R. Civ. P. 8(a)(1) requires a plaintiff to include a short and plain statement of the court's jurisdiction. Federal Rule of Civil Procedure 12(b)(2) provides that a party may move for dismissal based upon lack of personal jurisdiction.

60.    When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing the district court's jurisdiction. *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia*, 995 F. Supp. 2d 587, 615 (N.D. Tex. 2014) (quoting *Rolls–Royce Corp. v. Heros, Inc*., 576 F. Supp. 2d 765, 773 (N.D. Tex.

2008) (further citations omitted). A plaintiff must plead sufficient jurisdictional facts to make a *prima facie* case showing that the defendant has continuous and systematic contacts in Texas. *Innova*, 995 F. Supp. 2d at 616.

61.    Here, the CAP does not allege any jurisdictional facts regarding RCM, REC, and Fox. As a result, this Court should dismiss the CAP with respect to RCM, REC, and Fox, with prejudice.

## III.    The CAP Fails to Acknowledge the Applicable Arbitration Clauses.

62.    Finally, many of the investors in the class represented by Plaintiff executed agreements that provided that any dispute would be resolved through binding arbitration. However, the CAP makes no effort to acknowledge this issue.

63.    In *Cruz v. Resolute Capital Partners Ltd. LLC*, Case No. 3:22-cv-02349-E (N.D. Tex. 2023), eight individual investors sued RCP and other entities to recover their alleged losses arising out of PRMH-related investments. They asserted causes of action for securities fraud, civil conspiracy, and other claims. On April 20, 2023, this Court held that the arbitration clauses in the investment agreements signed by those investors barred them from pursuing a civil action. This Court thus granted RCP's motions to compel arbitration and to stay the court proceedings.

64.    The CAP does not identify the members of the class represented by Plaintiff. However, it seems likely that the rationale of *Cruz* will apply to many, if not all, of the investors in the class.

65.    Thus, if this case does proceed, this Court should require early disclosure of the name of each investor that purportedly assigned his or her claim to Plaintiff together with a statement identifying whether that investor's purchase of securities in PRMH included an agreement to arbitrate.

## CONCLUSION

66.    For all the reasons stated above, this Court should dismiss the Consolidated Amended Petition, with prejudice.

[*Signature Page to Follow*]

Respectfully submitted,

**MOSS & BARNETT, P.A.**

Dated:  February 23, 2024          By: */s/Charles E. Jones*
                                          **CHARLES E. JONES**
                                          charles.jones@lawmoss.com
                                          **MATTHEW R. BURTON**
                                          Pro Hac Vice Motion to be Filed
                                          matthew.burton@lawmoss.com
                                  150 South Fifth Street, Suite 1200
                                  Minneapolis, MN 55402
                                  (612) 877-5000 (Telephone)
                                  (612) 877-5999 (Facsimile)


**COBB MARTINEZ WOODWARD PLLC**

                                  By: */s/ Matthew E. Last*
                                          **DANIEL D. TOSTRUD** (#20146160)
                                          dtostrud@cobbmartinez.com
                                          **MATTHEW E. LAST** (#24054910)
                                          mlast@cobbmartinez.com
                                  1700 Pacific Avenue, Suite 3100
                                  Dallas, TX 75201
                                  (214) 220-5224 (Telephone)
                                  (214) 220-5299 (Facsimile)
                                  COUNSEL FOR DEFENDANTS
                                  RESOLUTE CAPITAL PARTNERS LTD,
                                  RESOLUTE CAPITAL MANAGERS LLC
                                  AND RESOLUTE MANAGEMENT
                                  SERVICES LLC

## **<u>CERTIFICATE OF WORD COUNT</u>**

The undersigned certifies that the word count for foregoing Memorandum is 5,523, not including the case caption, table of contents, table of authorities, signature block and certificates, using the Word Count feature in Microsoft Word.

*/s/Charles E. Jones*
Charles E. Jones

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing Memorandum in Support of the Resolute Entities' Motion to Dismiss was served electronically via ECF to the counsel of record in the above-entitled case on February 23, 2024.

*/s/Charles E. Jones*
Charles E. Jones

9050533v1