# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ALBERT C. BLACK III, as TRUSTEE OF PM SETTLEMENT TRUST and SUBSTITUTE PLAINTIFF ON BEHALF OF PENNY HAAB MOORE, CHRISTA PETRUSA, JOSEPH PETRUSA, THE KAREN THOMAS FAMILY TRUST, ALBEAZUL, LLC, JEFF WENDEL, JAMES DUDOVICK, ADRIANA VAN HEMERT, RICARDO YANEZ, THE ESTATE OF MALCOM R. DILLON, JOSE GUERRO, SHARON MILLER, TERRY SCHACKOW, DEBRA SUE TAYLOR, JOHN RENTERIA, DMAR FINANCIAL CORP., JONATHON M. HICKS, NANCY SMITHERMAN, ANDREA LEDBETTER and TED WILSON and others similarly situation, and as Wind-Up Agent of PetroRock Mineral Holdings, LLC, <br><br>    *Plaintiffs,* <br> v. <br><br> STEFAN T. TOTH, 2X5 ENTERPRISES LIMITED PARTNERSHIP, THE 2X5, HOMEBOUND RESOURCES, LLC, RESOLUTE CAPITAL PARTNERS LTD, LLC; RESOLUTE CAPITAL ADVISORS, LLC; RESOLUTE CAPITAL MANAGEMENT SERVICES, LLC; THOMAS J. POWELL, POWELL I.P, LLC; MOUNTAIN HIGH CAPITAL, LLC; MOUNTAIN HIGH CAPITAL; MANAGEMENT LLC; STRATEGIC ENERGY ASSETS, LLC; TENACITY HOLDING COMPANY LLC; TIBURON HOLDINGS; RESOLUTE CAPITAL MANAGERS, LLC; RCP-LTD., LLC; RCMG, LLC; RESOLUTE ENERGY CAPITAL, LLC; FOX-IP, LLC; LOVE 2 LIVE, LLC; LOVE 2 LIVE HOLDINGS, INC.; STEFAN TOTH FAMILY TRUST; CONSTANTINE CAPITAL, LLC; HOMEBOUND FINANCIAL GROUP, LP; TED ETHEREDGE; JACQUELINE KUIPER; | CASE NO. 3:23-CV-02701 |

| | |
|---|---|
| CANDACE POWELL; LEONARD TOTH; HOMEBOUND ENERGY, LLC; HOMEBOUND, LLC; PETROROCK PRODUCTION HOLDINGS, LLC; TOTH INVESTMENTS, LLC; FELFRAN INVESTMENTS, LLC; FRTR REALTY COMPANY, LLC; HOMEBOUND CONSTRUCTION SERVICES, LLC; PETROROCK PIPELINE & SWD, LLC; TPS ENERGY, LLC; TPS ENERGY 2, LLC; TPS REALTY, LLC; MINERVA MIDSTREAM, LLC; MINERVA MIDSTREAM MANAGEMENT, LLC; CRUDE ANC, LLC; FLINT ROCK MARKETING, LLC; N MASTER HOLDINGS, LLC; RIVERFRONT MINERALS, LLC; ELM CAPITAL, LLC; JLTH AT NORTH GP, LLC; EDERVILLE PARK TOWNHOMES, LLC; and MCKENNY 90 TOWNHOMES, LLC<br><br>*Defendants.* | |

### DEFENDANTS CONSTANTINE CAPITAL LLC, N MASTER HOLDINGS LLC, ELM CAPITAL LLC, RIVERFRONT MINERALS LLC, AND PABLO CORTEZ'S <u>BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), Defendants Constantine Capital LLC, N Master Holdings LLC, Elm Capital LLC, Riverfront Minerals LLC, and Pablo Cortez (collectively the "Cortez Defendants") hereby respectfully move to dismiss this lawsuit against them with prejudice for the reasons outlined below.

### INTRODUCTION

Plaintiffs' claims as to the Cortez Defendants should be dismissed with prejudice. At a fundamental level, Plaintiffs allege that the Cortez Defendants acted fraudulently, yet Plaintiffs have only offered one, very limited paragraph of allegations as to the Cortez Defendants that falls significantly short of the heightened pleading standard required by Rule 9(b) of the Federal Rules of Civil Procedure. Furthermore, three of the Cortez Defendants are entities that were indisputably

created *after* the filing of this lawsuit and therefore could not have possibly been involved in any of the wrongdoing alleged in this lawsuit. Finally, the claims against Defendant Pablo Cortez have already been released in the prior bankruptcy court proceedings and are therefore barred in this matter. For these reasons, this Court should dismiss the claims as to the Cortez Defendants.

## BACKGROUND

This case originated in Texas state court following bankruptcy proceedings initiated by Minerva Resources, LLC. On May 3, 2022, Plaintiff Albert C. Black III, as Trustee of the PM Settlement Trust ("Plaintiff"), filed a Petition on behalf of PetroRock Mineral Holding, Inc., seeking disposition of PetroRock's assets for the benefit of its creditors. *See* Original Petition, ECF No. 1-1. The Cortez Defendants incorporate by reference the history of the bankruptcy proceeding as stated in previous filings. *See*, *e.g.*, ECF No. 23.

In the bankruptcy proceeding, Plaintiffs' claims against Defendant Pablo Cortz were expressly released. Defendants' Appendix ("Def. App.") at 58. Specifically, Article XVI.D of Exhibit A of the Confirmation Order provides a full and complete release by holders of claims (i.e., creditors) of each "Released Party." Def. App. at 58. Article I.A, paragraph 73 of the same document defines "Released Party" to expressly include Pablo Cortez. Def. App. at 58.

In September 2023, Plaintiffs filed a Consolidated Amended Petition (the "CAP") in state court. *See* Petition, ECF No. 1-7. The case was subsequently removed to this Court.

On January 15, 2024, the Cortez Defendants provided notice to Plaintiffs that the Cortez Defendants intended to file a motion to dismiss. Def. App. at 6-7. During the parties' meet and confer, Plaintiffs indicated their intent to file an amended petition.

On February 1, 2024, Plaintiffs filed a Motion to Stay. ECF No. 17. This motion sought to stay proceedings until this Court resolved Plaintiffs' Motion to Remand, or in the alternative, an extension of time until March 15, 2024, to file an amended petition.

On February 22, 2024, the Cortez Defendants responded to Plaintiffs' Motion to Stay, stating they were not opposed to the extension of time to file an Amended Complaint but they were opposed to a stay. ECF No. 20.

To ensure compliance with and in acknowledgment of the Court's Rules and Procedures, the Cortez Defendants filed a notice with the Court on February 23, 2024. The notice explained that the Cortez Defendants would give Plaintiffs time to file an amended complaint by March 15, 2024, but if they did not file an amended complaint by that date, the Cortez Defendants would file a Motion to Dismiss no later than March 29, 2024. ECF No. 25.

On March 13, 2024, Plaintiffs filed an Unopposed Motion to Extend Deadline, seeking an additional thirty days for Plaintiffs to *either* respond to previously filed motions to dismiss, or file an amended petition.[1] ECF No. 28 at ¶ 5. On March 14, 2024, this Court entered an Order extending the time for Plaintiffs to respond to the pending motions to dismiss. ECF No. 29.

Out of an abundance of caution and given that Plaintiffs' timeline for filing an amended complaint remains unclear, the Cortez Defendants now move this Court for dismissal.[2]

---

[1] Plaintiff's motion was "unopposed" as to the defendants who had already filed motions to dismiss.

[2] The Cortez Defendants recognize this motion will be rendered moot should Plaintiffs amend the Complaint. The Cortez Defendants are also very mindful of the Court's Rules and Procedures pertaining to motions to dismiss and have sought to comply with those Rules and Procedures. However, considering the uncertainty regarding the operative deadlines in this case and in an abundance of caution to preserve their arguments herein and avoid waiver, the Cortez Defendants file this motion.

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

## **LEGAL STANDARD**

A complaint must be dismissed pursuant to Rule 12(b)(6) when it fails to allege a set of facts that, if true, would entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court must accept as true all well-pleaded facts in the complaint. *Iqbal*, 556 U.S. at 678. But a court "will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 6778 (2009).

Further, "Rule 9(b)) imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud." *Turner v. AmericaHomeKey Inc.*, No. 3:11-cv-0860-D, 2011 WL 3606688, at *7 (N.D. Tex. Aug. 16, 2011) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *aff'd*, 514 Fed. Appx. 513 (5th Cir. 2013)). "The Fifth Circuit interprets Rule 9(b) strictly, requiring the plaintiffs to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Bagby v. Rydex Invs.*, No. 3:06-CV-0648-G ECF, 2007 WL 507042 11199, at *7 (N.D. Tex. Feb. 16, 2007) (citations omitted).

"At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Turner*, 2011 WL 3606688, at *7 (quoting *Benchmark Elecs.*, 343 F.3d at 724) (internal quotation marks omitted). More colloquially, plaintiffs must plead the "who, what, when, where, and how" of the fraud. *United States ex rel.*

*Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

## ARGUMENT

### I. All the Cortez Defendants should be dismissed because Plaintiffs fail to meet Rule 9's heightened pleading standard for fraud claims.

Plaintiffs' conclusory fraud allegations in the CAP fall well short of the heightened pleading standard under Rule 9(b).

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

There is nothing that could be fairly characterized as "particular" in Plaintiffs' allegations directed at the Cortez Defendants. In fact, in the 139-paragraph CAP, merely two paragraphs contain any allegations against the Cortez Defendants. Specifically, paragraph 110 of the CAP conclusively alleges that "Cortez is the alter ego or has used the Cortez Corporate Defendants as mere tools or business conduits, which have been and continue to be used as a sham to perpetuate a fraud on investors." ECF No. 1-7. And paragraph 134 of the CAP similarly makes conclusory allegations without providing any of the details required by Rule 9:

> "The Cortez Corporate Defendants are liable for fraudulent transfers *to the extent* they received transfers from PRMH or by and through PRMH that were fraudulent in nature and intended to hinder, delay or defraud creditors. The Cortez Corporate Defendants are liable for fraudulent transfers *to the extent* the received transfers from PRMH or its wholly owned subsidiaries without providing reasonably equivalent value in exchange because at all relevant times PRMH was insolvent or inadequately capitalized. Plaintiff is entitled to recovery of such fraudulent transfers for the satisfaction of investor creditor claims or creditor claims of PRMH."

ECF No. 1-7 ¶ 134 (Claim 8 – Fraudulent Transfer) (emphasis added).

These broad, hollow "to the extent" allegations clearly fall short of the "particularity" required by Rule 9. Fed. R. C. P. 9(b).

Plaintiffs fail to allege the specific "who," "what," "when," and "where," of the alleged fraudulent transfers sufficient to meet Rule 9(b)'s heightened pleading standard as to *any* of the Cortez Defendants, let alone *each and every* Cortez Defendant. *United States ex rel. Williams*, 417 F.3d at 453. Plaintiffs also fail to identify any specific facts surrounding the fraudulent transfers that would provide each of the Cortez Defendants the details sufficient to investigate the claims levied against them.  Plaintiffs' accusatory allegations are vague at best and, under the heightened pleading standards of both Rule 12(b)(6) and Rule 9(b), Plaintiffs have failed to meet their burden.

## II.     Three of the Cortez Defendant corporate entities should be dismissed under Rule 12(b)(6) because they were not formed until *after* the filing of this action.

Plaintiffs' CAP alleges claims against three Cortez Defendant entities that were not even in existence at the time Plaintiffs' lawsuit was filed. Specifically, Defendants N Master Holdings LLC, Riverfront Minerals LLC, and Elm Capital LLC were non-existent at the time Plaintiffs commenced this case in state court.

As is readily apparent on the face of the Certificates of Filing with the Office of the Secretary of the State of Texas for each of these three Defendant entities, they were each formed on July 24, 2023.  Def. App. at 8-13.  However, this lawsuit commenced on May 3, 2022, over a year before these entities were formed. *See* ECF No. 1-1.

Because N Master Holdings LLC, Riverfront Minerals LLC, and Elm Capital LLC were all formed after the filing of the lawsuit, it is not possible that any of these three Cortez Defendant entities engaged in *any* business or transactions with Plaintiff, let alone any *fraudulent* or otherwise wrongful business or transactions.  For this additional reason, respectfully, the Court should dismiss N Master Holdings LLC, Riverfront Minerals LLC, and Elm Capital LLC from this case.

*See Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Development, Inc.,* 972 F.3d 684, 688 n. 9 (5th Cir. 2020) (noting courts can take judicial notice of public filings).[3]

### III. Claims against Defendant Pablo Cortez are barred by the broad release ordered by the Bankruptcy Court.

Plaintiffs' claims against Mr. Cortez also fail because the Bankruptcy Court released Mr. Cortez from the same claims Plaintiffs now pursue. According to the Joint Plan of Liquidation of Minerva Resources, LLC and Cronus Minerva Holdings, LLC under Chapter 11 of the Bankruptcy Code (which was approved by U.S. Bankruptcy Judge Christopher Lopez in the Southern District of Texas), all claims as to Mr. Cortez individually have been released pursuant to Article I.A. (paragraph 73) and Article XVI.D of the Confirmation Order Def. App. at 58.

Specifically, Article XVI.D of Exhibit A of the Confirmation Order provides a full and complete release by holders of claims (i.e., creditors) of each "Released Party." Def. App. at 58. Article I.A, paragraph 73 of the same document defines "Released Party" to expressly include Pablo Cortez. Def. App. at 58. Therefore, pursuant to the Confirmation Order, the claims at issue against Mr. Cortez are barred.

### CONCLUSION AND PRAYER

Plaintiff's allegations fall well short of federal pleading requirements under Rule 9(b) and Rule 12(b)(6). Based on these failures, the Cortez Defendants respectfully request that the Court grant their Motion to Dismiss and grant the Cortez Defendants all legal or equitable relief this Court deems proper.

---

[3] As for the fourth Cortez Defendant corporate entity, Constantine Capital ("Constantine"), paragraph 51 of the CAP alleges that Constantine is "part owner of HomeBound Resources." ECF No. 1-7 ¶ 51. However, Constantine is not an owner of HomeBound Resources and Mr. Cortez does not have any ownership in HomeBound Resources or PetroRock.

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

Dated: March 29, 2024

                                                Respectfully submitted,

*/s/ Grant K. Schmidt*
Grant K. Schmidt
Texas Bar No. 24084579
HILGERS GRABEN PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, TX 75230
Telephone: 469-751-2819
Fax: 402-413-1880
gschmidt@hilgersgraben.com

Michael Merriman
Texas Bar No. 24050761
655 W. Broadway, Suite 900
San Diego, CA 92101
Telephone: 619-369-6232
Fax: 402-413-1880
mmerriman@hilgersgraben.com

*Attorneys for Constantine Capital LLC, N Master Holdings LLC, Elm Capital LLC, Riverfront Minerals LLC, and Pablo Cortez*

## CERTIFICATE OF WORD COUNT

The undersigned certifies that the word count for foregoing brief is 2202 words, not including the case caption, table of contents, table of authorities, signature block and certificates, using the Word Count feature in Microsoft Word.

*/s/ Grant K. Schmidt*
Grant K. Schmidt

## CERTIFICATE OF CONFERENCE

As outlined above and in compliance with this Court's Standing Order, the undersigned counsel informed the Plaintiffs of the basis of the foregoing motion on January 15, 2024. Plaintiffs have not yet filed an amended petition.

*/s/ Grant K. Schmidt*
Grant K. Schmidt

## CERTIFICATE OF SERVICE

      I certify that the foregoing document was served upon all counsel of record through the Court's e-filing system on March 29, 2024.

                                                   */s/ Grant K. Schmidt*
                                                   Grant K. Schmidt