## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALBERT C. BLACK III, as TRUSTEE OF PM SETTLEMENT TRUST and SUBSTITUTE PLAINTIFF ON BEHALF OF PENNY HAAB MOORE, CHRISTA PETRUSA, JOSEPH PETRUSA, THE KAREN THOMAS FAMILY TRUST, ALBEAZUL, LLC, JEFF WENDEL, JAMES DUDOVICK, ADRIANA VAN HEMERT, RICARDO YANEZ, THE ESTATE OF MALCOM R. DILLON, JOSE GUERRO, SHARON MILLER, TERRY SCHACKOW, DEBRA SUE TAYLOR, JOHN RENTERIA, DMAR FINANCIAL CORP., JONATHON M. HICKS, NANCY SMITHERMAN, ANDREA LEDBETTER and TED WILSON and others similarly situation, and as Wind-Up Agent of PetroRock Mineral Holdings, LLC, | COURT FILE NO. 3:23-CV-02701 |
| *Plaintiff*, | **BRIEF IN SUPPORT OF POWELL I.P., LLC's MOTION TO DISMISS** |
| v. | |
| STEFAN T. TOTH, 2X5 ENTERPRISES LIMITED PARTNERSHIP, THE 2X5, HOMEBOUND RESOURCES, LLC, RESOLUTE CAPITAL PARTNERS LTD, LLC; RESOLUTE CAPITAL ADVISORS, LLC; RESOLUTE CAPITAL MANAGEMENT SERVICES, LLC; THOMAS J. POWELL, POWELL I.P, LLC; MOUNTAIN HIGH CAPITAL, LLC; | |

MOUNTAIN HIGH CAPITAL;
MANAGEMENT LLC; STRATEGIC
ENERGY ASSETS, LLC; TENACITY
HOLDING COMPANY LLC;
TIBURON HOLDINGS; RESOLUTE
CAPITAL MANAGERS, LLC; RCP-
LTD., LLC; RCMG, LLC; RESOLUTE
ENERGY CAPITAL, LLC; FOX-IP,
LLC; LOVE 2 LIVE, LLC; LOVE 2
LIVE HOLDINGS, INC.; STEFAN
TOTH FAMILY TRUST;
CONSTANTINE CAPITAL, LLC;
HOMEBOUND FINANCIAL GROUP,
LP; TED ETHEREDGE;
JACQUELINE KUIPER; CANDACE
POWELL; LEONARD TOTH;
HOMEBOUND ENERGY, LLC;
HOMEBOUND, LLC; PETROROCK
PRODUCTION HOLDINGS, LLC;
TOTH INVESTMENTS, LLC;
FELFRAN INVESTMENTS, LLC;
FRTR REALTY COMPANY, LLC;
HOMEBOUND CONSTRUCTION
SERVICES, LLC; PETROROCK
PIPELINE & SWD, LLC; TPS
ENERGY, LLC; TPS ENERGY 2,
LLC; TPS REALTY, LLC; MINERVA
MIDSTREAM, LLC; MINERVA
MIDSTREAM MANAGEMENT, LLC;
CRUDE ANC, LLC; FLINT ROCK
MARKETING, LLC; N MASTER
HOLDINGS, LLC; RIVERFRONT
MINERALS, LLC; ELM CAPITAL,
LLC; JLTH AT NORTH GP, LLC;
EDERVILLE PARK TOWNHOMES,
LLC; and MCKENNY 90
TOWNHOMES, LLC

    *Defendants*.

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ...................................................................................... v

INTRODUCTION ................................................................................................. 1

ARGUMENT ....................................................................................................... 4

I.     The CAP Fails to State Any Claim on Which Relief Can Be Granted ........... 4

     A.    Summary of the CAP ................................................................. 4
     B.    Applicable Legal Standards ...................................................... 5
     C.    The CAP Fails to Comply with Rules 9 and 12 ..................................... 8
          1.    The CAP Improperly Pleads on the Basis of "Information" and Belief" ................................................................. 8
          2.    The CAP Fails to Identify the Allegedly Wrongful Conduct of the Named Parties ........................................ 9
     D.    The CAP Fails to Allege the Elements of the Asserted Claims .......... 11
          1.    The First Claim is Not Adequately Pled ................................. 12
          2.    The Second Claim is Not Adequately Pled .............................. 13
          3.    The Third Claim is Not Adequately Pled ................................ 14
          4.    Claim Four is Not Adequately Pled ........................................ 15
          5.    Claim Five is Not Adequately Pled ......................................... 16
          6.    Claim Six is Not Adequately Pled .......................................... 16
          7.    Claim Seven is Not Adequately Pled ...................................... 18
          8.    Claim Eight is Not Adequately Pled ...................................... 19

II.    Three of the Resolute Entities Are Not Subject to Jurisdiction in Texas ...... 20

III.   The CAP Fails to Acknowledge the Application Arbitration Clauses .......... 21

CONCLUSION .................................................................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Insurance Company v. Benhamou*,
190 F. Supp. 3d 631 (S.D. Tex. 2016) .........................................................17

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....................................................................................5, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).........................................................................................8

*Blount v. Bordens Inc*.,
910 S.W.2d 931 (Tex. 1995) .........................................................................18

*Campbell v. Tex. Tea Reclamation, LLC*,
2021 W.L. 2211690 (S.D. Tex. May 6, 2021)...............................................19

*Carroll v. Timmers Chevrolet, Inc*.,
592 S.W.2d 922 (Tex. 1979) .........................................................................17

*Crooks v. M1 Real Estate Partners, Ltd*.,
238 S.W.3d 474 (Tex. App.—Dallas 2007) ..................................................14

*Crosswell v. Rodriguez*,
2023 W.L. 6206911 (S.D. Tex. 2023)............................................................19

*Cruz v. Resolute Capital Partners Ltd. LLC*,
Case No. 3:22-cv-02349-E (N. D. Tex. 2023) .........................................3, 21

*In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig*.,
888 F.3d 753 (5th Cir. 2018) .........................................................................16

*Dodd v. Savino*,
426 S.W.3d 275 (Tex. App.—Houston [14th Dist.] 2014) ...........................14

*Dorsey v. Portfolio Equities, Inc.*,
540 F.3d 333 (5th Cir. 2008) ...........................................................................7

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

**Cases**

*EEMSO, Inc. v. Compex Technologies, Inc.*,
  2006 W.L. 8437456 (N.D. Tex. 2006) ..........................................................15

*Funk v. Stryker Corp.*,
  673 F. Supp. 2d 522 (S.D. Tex. 2009),
  *aff'd*, 631 F.3d 777 (5th Cir. 2011) ...............................................................8

*United States ex rel. Grubbs v. Kanneganti*,
  565 F.3d 180 (5th Cir. 2009) .......................................................................17

*Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia*,
  995 F. Supp. 2d 587 (N.D. Tex. 2014) ...................................................20, 21

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross &*
*Blue Shield of Georgia, Inc.*,
  892 F.3d 719 (5th Cir. 2018) .........................................................................8

*Ins. Co. of N. Am. v. Morris*,
  981 S.W.2d 667 (Tex. 1998) .......................................................................17

*Jacobowitz v. Range Res. Corp.*,
  596 F. Supp. 3d 659 (N.D. Tex. 2022) ...........................................................7

*In re Key Energy Servs., Inc. Sec. Litig.*,
  166 F. Supp. 3d 822 (S.D. Tex. 2016)...........................................................7

*Morgan v. Hubert*,
  335 F. App'x 466 (5th Cir. 2009)...................................................................5

*Navigant Consulting, Inc. v. Wilkinson*,
  508 F.3d 277 (5th Cir. 2007) .......................................................................13

*Nwokedi v. Unlimited Restoration Specialists, Inc.*,
  428 S.W.3d 191 (2014)................................................................................19

*Ramirez v. Allstate Vehicle & Prop. Ins. Co.*,
  490 F. Supp. 3d 1092 (S.D. Tex. 2020)..........................................................6

# TABLE OF AUTHORITIES (cont'd)

Page(s)

**Cases**

*Shoemaker v. Whistler's Estate,*
    513 S.W.2d 10 (Tex. 1974) ...........................................................................18

*Southland Sec. Corp. v. Inspire Ins. Sols., Inc.,*
    365 F.3d 353 (5th Cir. 2004) ....................................................................6, 8

*Strickland v. Bank of New York Mellon,*
    838 F. App'x 815 (5th Cir. 2020)....................................................................7

*In re Today's Destiny,*
    2009 W.L. 1232108 (Bankr. S.D. Tex. 2009) ................................................6

*In re Uplift RX, LLC,*
    2023 W.L. 5355353, *13 (Bankr. S.D. Tex. 2023) ......................................16

*Texas Dept. of Transp. v. Able*
    35 S.W.3d 608 (Tex. 2000) ...........................................................................18

*Triplex Communications, Inc. v. Riley,*
    900 S.W.2d 716 (Tex. 1995) .........................................................................18

**Statutes**

Restatement (Second) of Torts § 491.....................................................................18

Tex. Bus & Com. Code § 24.005(a)(1)...................................................................19

Tex. Gov't Code § 4008.052...................................................................................12

**Rules**

Fed. R. Civ. P. 8 .........................................................................................5, 11, 20

Fed. R. Civ. P. Rule 9 .....................................................................6, 11, 12, 17, 19

Fed. R. Civ. P. Rule 10 ............................................................................................8

Fed. R. Civ. P. Rule 12 (b)(6) ..............................................................................5, 6

vi

## INTRODUCTION

1.     On May 3, 2022, a Petition was filed in Texas state court on behalf of an entity called PetroRock Mineral Holdings, Inc. ("PRMH"). This petition sought an orderly disposition of the assets of PRMH for the benefit of PRMH's creditors. In June 2022, as requested in the initial petition, the court appointed a "Wind Up Agent."

2.     In the summer of 2022, groups of investors in PRMH filed Petitions in Intervention seeking recovery from an array of parties for alleged losses resulting from their investment in, and the management of, PRMH. In September 2022, the investors settled their claims against PRMH. The state court certified a class and in April 2023 issued an Order stating that investors who did not opt out of the class had been deemed to assign their claims against third parties to Plaintiff.

3.     In September 2023, Plaintiff filed a Consolidated Amended Petition ("CAP") in state court. As demonstrated below, this pleading is little more than a list of defendants and some generalized, vague assertions of wrongful conduct. The CAP states that Plaintiff has stepped into the shoes of the investors, consolidates and continues the previously-filed claims, and adds many new third parties.

4.     On December 20, 2023, this Court entered an Order setting the following deadlines:

- January 15, 2024: deadline for the Served Defendants to provide the required written notification of the issues to be raised in a motion to dismiss;

- January 29, 2024: deadline for the parties to "meet and confer" regarding a motion to dismiss;

- February 5, 2024: deadline for Plaintiff to provide the required written advisory of Plaintiff's intent to file an Amended Complaint;

- February 12, 2024: deadline for Plaintiff to file an Amended Complaint; and

- February 23, 2024: deadline for the Served Defendants to answer or otherwise plead (such as by filing a motion to dismiss) in response to the Consolidated Amended Petition.

5.     On January 15, 2024, certain entities (referred to as the "Resolute Entities") provided written notification to Plaintiff of the issues to be raised in a motion to dismiss. (Ex. 1.) After the parties "met and conferred", Plaintiff stated his intent to file an amended pleading.

6.     On February 1, 2024, Plaintiff filed a motion to stay. (Doc. 17.) The Motion to Stay has not been decided, and Plaintiff has not filed an amended pleading.

7.     On February 23, 2024, the Resolute Entities filed a Motion to Dismiss and a supporting Brief. (Doc. Nos. 22, 23.)

8.     On April 17, 2024, plaintiff filed a Return of Service with the state court, indicating that service had been made upon Powell I.P., LLC.

9.    Accordingly, Powell I.P., LLC now files this Motion to Dismiss the Consolidated Amended Petition. This Court should dismiss the CAP as to Powell I.P. for the following reasons:

**First**: the CAP does not state any claim on which relief can be granted against Powell I.P. The CAP does not provide any allegations that Powell I.P. is liable to any of the investors for the alleged fraud or mismanagement. In fact, except for paragraph 14, which identifies Powell I.P. as a Nevada LLC, Powell I.P. is not even identified in the CAP.

**Second**: Powell I.P. is not subject to the jurisdiction of the courts in the state of Texas. The CAP does not allege facts showing that Powell I.P. is subject to jurisdiction in Texas.

## ARGUMENT

## I.    The CAP Fails to State Any Claim on Which Relief Can Be Granted.

### A.    Summary of the CAP.

10.    The CAP generally alleges securities fraud, mismanagement, and other conduct that caused a loss of more than $200,000,000, involving thousands of investors, and investments over several years. (CAP, ¶ 1.) Despite the magnitude of the allegations, the CAP is bereft of any details regarding the alleged fraud or other actionable conduct.

11.    An outline of the CAP illustrates its brevity and lack of substance:

- Paragraphs 1-5 contain an incomplete history of the proceedings in state court.

- Paragraphs 5-59 list the defendants. Many of the parties listed in these paragraphs appear nowhere else in the CAP.

- Paragraphs 60-61 concern venue and jurisdiction.

- Paragraphs 62-89 set forth the "Factual Background" of the claims.[1]

- Paragraphs 90-135 list eight asserted claims, which are:

  - First Claim: Violation of Texas Revised Civil Statute Annotated § 581- § 33

  - Second Claim: Breach of Fiduciary Duty to PRMH and to Investors

  - Third Claim: Alter Ego and Corporate Veil Piercing

  - Claim Four: Constructive Trust

  - Claim Five: Aiding and Abetting Breach of Fiduciary Duty

  - Claim Six: Conspiracy Liability

  - Claim Seven: Joint Enterprise

  - Claim Eight: Fraudulent Transfers

- Paragraphs 136-139 set forth the basis for the tolling of applicable statutes of limitation.

12.    As discussed below, the CAP fails to plausibly allege the factual bases of the elements of the eight claims.

---

[1] Powell I.P. reserves the right to challenge any of the facts stated in the CAP.

## B.    Applicable Legal Standards.

13.    Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a lawsuit for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In deciding a motion to dismiss under Rule 12(b)(6), the court is not required to "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. v. Inspire Ins. Sols., Inc*., 365 F.3d 353, 361 (5th Cir. 2004).

14.    Many of the allegations in the CAP sound in fraud. Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud." Rule 9(b) applies to any averment of fraud within a claim that has a fraud-based element." *In re Today's Destiny*, 2009 W.L. 1232108, at *6 (Bankr. S.D. Tex. 2009) citing *Lone Star Ladies Inc. Club v. Schlotzsky's Inc*., 238 F.3d 363, 368–69 (5th Cir. 2001)).

This requirement plays a screening function, standing as "'a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later.'" *Ramirez v. Allstate Vehicle & Prop. Ins. Co*., 490 F. Supp. 3d 1092, 1116 (S.D. Tex. 2020) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009)).

15.    In a fraud-based claim, the plaintiff cannot group the defendants together; instead, the plaintiff must differentiate the parties and inform each defendant of the allegations regarding each defendant's alleged participation in the fraud. *See, e.g.*, *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 366 (5th Cir. 2004); *In re Key Energy Servs., Inc. Sec. Litig.*, 166 F. Supp. 3d 822, 831 (S.D. Tex. 2016); *Jacobowitz v. Range Res. Corp.*, 596 F. Supp. 3d 659, 687 (N.D. Tex. 2022).

16.    In addition, the plaintiff must specifically identify the who/what/when/where/how of the alleged misconduct, must specify what is false or/misleading about each statement, and must specifically identify the plaintiff's reliance upon the false statements. *See, e.g.*, *Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 820 (5th Cir. 2020); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 340 (5th Cir. 2008); *Southland.*, 365 F.3d at 362.

### C.    The CAP Fails to Comply With Rules 9 and 12.

17.    As discussed in paragraphs 17-26 of the Resolute Entities' Brief (Doc. 23), which are incorporated here, the CAP improperly pleads on the basis of

"information and belief" and fails to identify any of the defendants' allegedly wrongful conduct. In fact, other than identifying Powell I.P. as a Nevada LLC, the CAP does not mention Powell I.P.

18.    The CAP thus fails to state any claim against Powell I.P. and should be dismissed.

### D.    The CAP Fails to Allege the Elements of the Asserted Claims.

19.    Not only does the CAP fail to plausibly allege the factual bases of the claims identified in it as required by Rules 8 and 9, it also fails to allege the elements of those claims.

### 1.    The First Claim is Not Adequately Pled.

20.    The CAP's First Claim alleges that "All Defendants" violated the "Texas Securities Act Blue Sky Law, Texas Revised Civil Statute Annotated § 581-33."[2] This claim is not adequately pled against Powell I.P.

21.    A private right of action under the Texas Securities Act requires proof of a sale or offer to sell a security, made to the plaintiff by means of a statement or omission that is material in light of the circumstances Tex. Gov't Code § 4008.052. Further, the plaintiff must have purchased the security from the defendant. *Id*. And, as noted above, under Rule 9, the circumstances regarding fraud must be pleaded with specificity. While the CAP does not allege these elements against *any*

---

[2] The Securities Act has been recodified, without any substantive or material changes to the relevant provisions.

defendant, it is sufficient here to note that the CAP does not allege these elements against Powell I.P.

22.    This Court should dismiss the First Claim as to Powell I.P.

### 2.    The Second Claim is Not Adequately Pled.

23.    The second claim alleges a breach of fiduciary duty to PRMH and the investors. This claim does not identify the defendants against whom it is asserted. To the extent it is asserted against Powell I.P., the claim must fail.

24.    A claim for breach of fiduciary duty requires: (1) the existence of a fiduciary relationship; (2) a breach of the fiduciary duty; and (3) the breach resulted in injury to the plaintiff or benefit to the defendant. *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007).

25.    The CAP does not provide any factual basis for any argument that Powell I.P. owed fiduciary duties to any investor and does not allege any conduct by Powell I.P. that constituted a breach of any such duty.

26.    This Court should dismiss the Second Claim as to Powell I.P.

### 3.    The Third Claim is Not Adequately Pled.

27.    The Third Claim purports to state a cause of action for "alter ego and veil piercing." Without providing any factual support, the claim states that a list of entities should be held liable on the ground the entities were "a sham to perpetuate a fraud on investors and PRMH." (CAP, ¶ 108.)

28.     Veil-piercing doctrines such as alter ego are not independent or substantive causes of action. *Dodd v. Savino*, 426 S.W.3d 275, 291 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Crooks v. M1 Real Estate Partners, Ltd.*, 238 S.W.3d 474, 488 (Tex. App.—Dallas 2007, *pet. denied*). Rather, they are a means of imposing on an individual a corporation's liability for an underlying cause of action. *Id.*, citing *Crooks*, 238 S.W.3d at 488. "Without an underlying cause of action creating corporate liability, evidence of an abuse of the corporate form is immaterial." *Id.*, citing *Cox v. S. Garrett, L.L.C.*, 245 S.W.3d 574, 582 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (quoting *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 147 (Tex. App.—Houston [14th Dist.] 2000, *pet. denied*)).

29.     Even if the "alter ego" and veil piercing were viable claims, here they are not sufficiently pled. The claim against Powell I.P. is based entirely on supposition and innuendo. The argument seems to be, not that an individual should be held liable for a corporation's conduct, but rather that a long list of entities – nearly all of which have no alleged connection with the events – are liable for other entities' conduct. The CAP insinuates that the entities identified in paragraph 108 were created for an improper purpose but makes no factual allegations to support its inflammatory claims.

30.     This Court should dismiss the Third Claim as to Powell I.P.

### 4.    Claim Four is Not Adequately Pled.

31.    Claim Four asks the Court to impose a "constructive trust."

32.    To the extent a constructive trust is cause of action, such a trust may be imposed where there is either a "(1) breach of an informal relationship of special trust or confidence arising prior to the transaction in question, or (2) actual fraud." *EEMSO, Inc. v. Compex Technologies, Inc*., 2006 W.L. 8437456 (N.D. Tex. 2006) citing *Gruber v. Deuschle*, 261 F. Supp. 2d 682, 696 (N.D. Tex. 2003). The CAP does not allege any of these elements against Powell I.P. Therefore, Claim Four should be dismissed.

### 5.    Claim Five is Not Adequately Pled.

33.    Claim Five purports to state a claim for "aiding and abetting breach of fiduciary duty." Again, this claim does not identify the defendants as to which this claim is asserted. To the extent this claim is purportedly asserted against Powell I.P., the claim must fail as currently pled.

34.    Even if Texas law recognizes this cause of action, the claim is not adequately pled. Again, this claim does not identify the party(ies) who allegedly owed the fiduciary duty, the contours of the duty, the specific actions that constituted a breach(es) of the duty, or the actions that constituting an "aiding and abetting" of any such breach(es).

35.    This Court should dismiss Claim Five as to Powell I.P.

### 6.    Claim Six is Not Adequately Pled.

36.    Claim Six alleges that a civil conspiracy to defraud the investors. Once again, this claim does not identify the defendants as to which this claim is asserted. To the extent it is purportedly asserted against Powell I.P., the claim must fail.

37.    A claim for civil conspiracy requires proof of the following: 1) two or more persons; 2) an objective to be accomplished; 3) a meeting of the minds on the objective or course of action; 4) one or more unlawful, overt acts; 5) resulting damages. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998). To be jointly and severally liable, an alleged conspirator must have acted "in pursuance of the common purpose of the conspiracy." *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 928 (Tex. 1979).

38.    Rule 9(b) applies to a state-law claim of conspiracy to commit fraud. *Allstate Insurance Company v. Benhamou*, 190 F. Supp. 3d 631, 665 (S.D. Tex. 2016) (emphasis added) (further citations omitted). A plaintiff alleging a conspiracy to commit fraud must plead with particularity the conspiracy as well as the overt acts in furtherance of the conspiracy. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009 ") (quoting *FC Inv. Group LC v. IFX Markets*, Ltd., 529 F.3d 1087, 1097 (D.C. Cir. 2008)).

39.    Here, Claim Six merely alleges a combination of two people for an unlawful purpose. It does not plead any facts in support of the other elements of the

claim and does not identify how Powell I.P. is part of any such purpose. This Court should dismiss Claim Six.

### 7.    Claim Seven is Not Adequately Pled.

40.    The CAP's claim for "joint enterprise" is likewise subject to dismissal.

41.    Joint enterprise liability makes "each party thereto the agent of the other and thereby to hold each responsible for the negligent act of the other." *Texas Dept. of Transp. v. Able*, 35 S.W.3d 608 (Tex. 2000), citing *Shoemaker v. Whistler's Estate*, 513 S.W.2d 10, 14 (Tex. 1974). In *Shoemaker,* the Supreme Court of Texas adopted the definition of joint enterprise as stated in section 491, comment c of the Restatement of Torts. That section states:

> [t]he elements which are essential to a joint enterprise are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control.

Restatement (Second) of Torts § 491 cmt. c (1965); see also *Blount v. Bordens Inc.*, 910 S.W.2d 931, 933 (Tex. 1995); *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 718 (Tex. 1995).

42.    The premise of Claim Seven appears to be that every named defendant participated in a fraud. However, the allegations Seven fail to give any defendant

any insight as to what the joint enterprise was, how it was carried out or each defendant's alleged role in the joint enterprise.

43.    This Court should dismiss Claim Seven.

### 8.    Claim Eight is Not Adequately Pled.

44.    Claim Eight seeks recovery for alleged fraudulent transfers.

45.    To prevail on a Texas Uniform Fraudulent Transfer Act ("TUFTA") claim, a plaintiff must prove that (1) she is a "creditor" with a claim against a "debtor"; (2) the debtor transferred assets after, or a short time before, the plaintiff's claim arose; and (3) the debtor made the transfer with the intent to hinder, delay, or defraud the plaintiff. *Crosswell v. Rodriguez*, 2023 W.L. 6206911 (S.D. Tex. 2023); *Nwokedi v. Unlimited Restoration Specialists, Inc.*, 428 S.W.3d 191, 204 (2014); TEX. BUS. & COM. CODE § 24.005(a)(1)). Claims under § 24.005(a)(1) for actual fraudulent transfer must satisfy Rule 9(b) because "an essential element of an actual fraudulent transfer claim ... is a fraudulent state of mind." *Campbell v. Tex. Tea Reclamation, LLC,* 2021 W.L. 2211690, at *5 (S.D. Tex. May 6, 2021).

46.    As with the other claims, Claim Eight improperly relies on pleading that actionable conduct "likely" occurred, fails to identify any specific transfers, and fails to allege that any actual transfers were made without providing reasonably equivalent value.

47.    Claim Eight should be dismissed.

## II.    Powell I.P. Is Not Subject to Jurisdiction in Texas.

48.    This Court also should dismiss Powell I.P. on the ground that Plaintiff has not even attempted to identify a basis on which this Court – or any court in the State of Texas – could exercise jurisdiction over it.

49.    The CAP casts a wide net over individuals and entities without – in most cases – making any allegations as to their connections to Texas. Paragraphs 10-24 list a group of entities that Plaintiff calls "the Powell Corporate Defendants." Powell I.P. appears in that group, but the CAP makes no jurisdictional allegations with respect to it. (CAP, ¶ 14.)

50.    Fed. R. Civ. P. 8(a)(1) requires a plaintiff to include a short and plain statement of the court's jurisdiction. Federal Rule of Civil Procedure 12(b)(2) provides that a party may move for dismissal based upon lack of personal jurisdiction.

51.    When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing the district court's jurisdiction. *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia*, 995 F. Supp. 2d 587, 615 (N.D. Tex. 2014) (quoting *Rolls–Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 773 (N.D. Tex. 2008) (further citations omitted). A plaintiff must plead sufficient jurisdictional facts

to make a *prima facie* case showing that the defendant has continuous and systematic contacts in Texas. *Innova*, 995 F. Supp. 2d at 616.

52.    Here, despite ample opportunity to investigate the facts, the CAP does not allege any jurisdictional facts regarding Powell I.P.. As a result, this Court should dismiss the CAP with respect to Powell I.P., with prejudice.

## CONCLUSION

53.    For all the reasons stated above, this Court should dismiss the Consolidated Amended Petition as to Powell I.P., with prejudice.


*[Signature Page to Follow]*

15

Respectfully submitted,

**MOSS & BARNETT, P.A.**

Dated:  April 18, 2024                    By: */s/Charles E. Jones*
                                     **CHARLES E. JONES**
                                     charles.jones@lawmoss.com
                                     **MATTHEW R. BURTON**
                                     Pro Hac Vice Motion to be Filed
                                     matthew.burton@lawmoss.com
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
(612) 877-5000 (Telephone)
(612) 877-5999 (Facsimile)

**COBB MARTINEZ WOODWARD PLLC**

By: */s/ Matthew E. Last*
                                     **DANIEL D. TOSTRUD** (#20146160)
                                     dtostrud@cobbmartinez.com
                                     **MATTHEW E. LAST** (#24054910)
                                     mlast@cobbmartinez.com
1700 Pacific Avenue, Suite 3100
Dallas, TX 75201
(214) 220-5224 (Telephone)
(214) 220-5299 (Facsimile)
COUNSEL FOR DEFENDANTS
RESOLUTE CAPITAL PARTNERS LTD,
RESOLUTE CAPITAL MANAGERS LLC
AND RESOLUTE MANAGEMENT
SERVICES LLC

## <u>CERTIFICATE OF WORD COUNT</u>

The undersigned certifies that the word count for foregoing Memorandum is 4,414, not including the case caption, table of contents, table of authorities, signature block and certificates, using the Word Count feature in Microsoft Word.

*/s/Charles E. Jones*
Charles E. Jones

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Memorandum in Support of the Resolute Entities' Motion to Dismiss was served electronically via ECF to the counsel of record in the above-entitled case on April 18, 2024.

*/s/Charles E. Jones*
Charles E. Jones

9227233v1

17