IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALBERT C. BLACK III, as TRUSTEE OF PM SETTLEMENT TRUST and SUBSTITUTE PLAINTIFF, and as WIND-UP AGENT OF PETROROCK MINERAL HOLDINGS, LLC,** | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | **Civil Action No. 3:23-CV-02701-E** |
| **STEFAN T. TOTH, et al.,** | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Amended Motion to Remand (ECF No. 14), filed January 16, 2024. After careful consideration of the motion, response, reply, pleadings, record, and applicable law, the court **GRANTS** the motion and **REMANDS** this action to the 101st Judicial District Court of Dallas County, Texas.

### I. Procedural and Factual Background

This action arises from an oil and gas investment scheme involving complicated investment vehicles. In 2021, the Securities and Exchange Commission instituted cease-and-desist proceedings after finding that Thomas Powell and Stefan Toth, and the two entities they respectively controlled—Resolute Capital Partners Ltd., LLC and Homebound Resources, LLC— made material misrepresentations and omissions in connection with unregistered oil and gas securities offerings in violation of federal securities laws. Notice of Removal at Ex. A (*In the Matter of Resolute Capital Partners LTD, LLC et al.*, Release No. 33-10987 (U.S.S.E.C. Sept. 24,

2021)) ("Cease-and-Desist Order") (ECF No. 1-1 at 14-28).[1] The Cease-and-Desist Order also identified Petrorock Mineral Holdings, LLC ("PetroRock") as a relevant entity which, like its sister company Homebound Resources, LLC, is a "subsidiary of Homebound Financial and is managed by Toth." *Id.* (ECF No. 1-1 at 16).

As a result of the Cease-and-Desist Order, and unable to raise additional investor funds to service its debts, on May 3, 2022, PetroRock filed a Petition in the 101st Judicial District Court of Dallas County, Texas, in which it asserted claims against various insiders and affiliates, and sought the appointment of an agent to wind up its affairs. *Id.*, Pl.'s Orig. Pet. for Court Supervised Wind Up and Related Relief ("Windup Petition") (ECF No. 1-1 at 2-13). The Windup Petition alleged a securities fraud "involving in excess of $200 million of investor funds" and sought the state court's "assistance and supervision to wind up its business and liquidate its assets for the benefit of its creditors." *Id.*, Windup Petition (ECF No. 1-1 at 4).

In June 2022, the state court appointed Albert C. Black, III ("Mr. Black") as Windup Agent for PetroRock to assist in winding up the affairs of the business, including liquidating its assets for the benefit of the investors and other creditors. *Id.*, Order Appointing Wind-Up Representative (ECF No. 1-4 at 2-6).

Both before and after Mr. Black's appointment, groups of individual investors filed petitions in intervention, asserting claims against PetroRock and related entities based on fraudulent debt and equity investments in PetroRock. *See id.*, Pet. in Intervention (ECF No. 1-2 at 3); *see also* Defs.' Resp. App. , Decl. of Charles E. Jones at Ex. A (July 28, 2022 Second Am. Pet. in Intervention) (ECF No. 16-1 at 3-32); *id.* at Ex. B (Sept. 6, 2022 Am. Pet. in Intervention) (ECF No. 16-2 at 2-20). In the Second Amended Petition in Intervention, the investors asserted class

---

[1] Citations to the record refer to the CM/ECF page number at the top of each page rather than the parties' pagination at the bottom of each filing.

**Memorandum Opinion and Order - Page 2**

action allegations under Tex. R. Civ. P. 42 against PetroRock. *Id.* at Ex. A (July 28, 2022 Second Am. Pet. in Intervention) (ECF No. 16-1 at 15).

On August 31, 2022, all parties to the lawsuit attended mediation before The Honorable W. Royal Furgeson. That mediation was successful with respect to the claims against PetroRock. On September 7, 2022, the parties announced Notice of Settlement and filed a Motion for Preliminary Approval of Class Action Settlement on September 9, 2022, to which they attached their Settlement Agreement. *Id.* at Ex. C (ECF No. 16-3 at 2-54). The Settlement Agreement provided that the "Settling Parties have reached settlement, which, if approved by the Court, will end litigation against the Settling Defendant [PetroRock] and permit the Wind-Up Agent [Mr. Black] to further liquidate and distribute assets to aggrieved creditors and investors." *Id.* at Ex. C (ECF No. 16-3 at 2).

On November 15, 2022, the state court entered an Amended Order Preliminarily Certifying Class for Settlement Purposes (the "Preliminary Settlement Order"). *See* Notice of Removal at Ex. G (Consolidated Am. Pet. ¶ 3) (ECF No. 1-7 at 4). This order approved a class action and limited fund settlement of claims, for settlement purposes only, against PetroRock, only. *Id.* The settlement required PetroRock to contribute all assets, including claims and causes of action it may hold against directors, officers, and affiliated third parties, into a settlement trust. *Id.* Similarly, class member plaintiffs that chose not to opt out were deemed to have assigned their claims against PetroRock and its directors, officers, and affiliated third parties to the settlement trust. *Id.* In exchange, the class member plaintiffs would share the proceeds of any recoveries. *Id.*

On April 21, 2023, the state court entered an Amended Order Certifying Class and Final Approval of Settlement ("Final Approval of Settlement Order"), in which it confirmed that the members of the class assigned their claims to a liquidating trust, the PM Settlement Trust, and

approved the appointment of Mr. Black to serve not only as the Windup Agent, but also as the PM Settlement Trust Trustee, with authority to prosecute the now-assigned claims asserted against the non-settling defendants. Notice of Removal at Ex. C (ECF No. 1-3).

Acting in his dual capacity as Windup Agent to PetroRock and as Trustee to the PM Settlement Agreement, Mr. Black then filed a Consolidated Amended Petition, asserting claims against PetroRock insiders Stefan Toth and Thomas Powell, as well as dozens of other individuals and entities. *Id.* at Ex. G (Consolidated Am. Pet.) (ECF No. 1-7). As relevant here, in the Consolidated Amended Petition, Mr. Black also asserted claims against Resolute Capital Partners, Ltd., LLC ("RCP"), Resolute Capital Managers, LLC ("RCM"), and Resolute Management Services, LLC ("RCS") (collectively, the "Removing Defendants"). *Id.* As the court-appointed Windup Agent, Mr. Black brought the Consolidated Amended Petition in his capacity to sue on behalf of the damaged corporate entity, PetroRock, and also as Trustee, in which capacity he asserted the individual claims of the investors as the assignee of those claims. *Id.*

On December 8, 2023, the Removing Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453(b), asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal (ECF No. 1). They contend that, pursuant to 28 U.S.C. § 1332(d), this matter involves "a class of more than 100 persons, the amount in controversy exceeds $5 million, at least one class member is from a state different than the removing parties, RCP, RCM, and RMS, and less than fifteen percent of the members of the class are residents of Texas." *Id.* ¶ 22.

Mr. Black asserts that removal under CAFA was improper, and he moves to remand this matter to state court for lack of subject matter jurisdiction. *See generally* Pl.'s Am. Mot. Remand. The motion has been fully briefed and is ripe for disposition.

**Memorandum Opinion and Order - Page 4**

## II. Legal Standards

### A. General Removal Standard

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, authorizes defendants to remove any civil action from state court to federal district court if the district court would have original jurisdiction. 28 U.S.C. § 1441(a). Generally, "[r]emoval raises significant federalism concerns" because it effectively "deprive[s] the state court of an action properly before it." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citation omitted). As a result, courts strictly construe the removal statute. *Id.* at 281-82 (citations omitted).

### B. Removal under CAFA

"CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citing, *inter alia*, 28 U.S.C. § 1332(d)(1)-(2), (5)(B)). CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

CAFA also provides federal jurisdiction over "mass actions." 28 U.S.C. § 1332(d)(11); *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 386 (5th Cir. 2020). To qualify for removal as a mass action under CAFA, a civil action must: (1) consist of "monetary relief claims of 100 or more persons [that] are proposed to be tried jointly on the ground that the plaintiffs' claims involve

Memorandum Opinion and Order - Page 5

common questions of law or fact"; (2) satisfy CAFA's minimal diversity requirement; (3) have an aggregated amount in controversy exceeding $5,000,000; and (4) have at least one plaintiff's claims exceeding $75,000. 28 U.S.C. § 1332(d)(11)(A)-(B)(i); *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 239 (5th Cir. 2015) (citing 28 U.S.C. §§ 1332(a), (d)(11)(B)(i)).

"Congress enacted CAFA to encourage federal jurisdiction over interstate class action lawsuits of national interest." *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007). For this reason, there is "no antiremoval presumption" in cases invoking CAFA. *Dart Cherokee*, 574 U.S. at 89 (citations omitted).

### III. Analysis

#### A. Plaintiff's Amended Motion to Remand

In the Notice of Removal, the Removing Defendants assert CAFA as the sole basis for federal jurisdiction. *See* Notice of Removal ¶ 22. To determine whether it should retain jurisdiction or remand, the Court must resolve whether this action meets CAFA's jurisdictional thresholds for either class actions or mass actions.[2]

In his Amended Motion to Remand, Mr. Black argues that (1) this case does not fall within the definition of a "class action" under CAFA and, even if it does, an exclusion or exception to CAFA jurisdiction applies; and (2) this case does not fall within the definition of a "mass action" under CAFA and, even if it did, the Removing Defendants have failed to establish that at least one plaintiff's claim satisfies the $75,000 individual amount in controversy requirement. *See* Am. Mot. Remand (ECF No. 14 at 14-26).

---

[2] The Court has also determined that it has no other basis for exercising subject matter jurisdiction over this matter. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").

**Memorandum Opinion and Order - Page 6**

In response, the Removing Defendants argue that "this case is in form and in substance a class action and belongs in Federal court under [CAFA]. Further, if this case is not a class action, it is a 'mass action' within the meaning of CAFA." Defs.' Resp. Br. (ECF No. 15 at 7).

For the reasons that follow, the Court concludes that this is not a class action or mass action under CAFA. The Court, therefore, lacks subject matter jurisdiction and this matter must be remanded to state court.

### 1. *"Class Action" under CAFA*

The parties do not dispute that this action meets the minimal diversity, numerosity, and the amount-in-controversy requirements for class actions under CAFA. The only contested issue is whether this action meets the definition of a "class action" under § 1332(d)(1)(B). CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Defendants contend that this matter is, "in form" and "in substance, a class action within the meaning of CAFA." Defs.' Resp. Br. (ECF No. 15 at 15, 17). Mr. Black asserts that "neither the original Windup Petition, nor the subsequently filed Consolidated Amended Petition, which [the Removing Defendants] now seek to remove to this Court, is a 'class action' under this definition." Am. Mot. Remand (ECF No. 14 at 14).

Having reviewed the state court pleadings, the Notice of Removal, and the arguments both in support of and in opposition to Plaintiff's Amended Motion to Remand, the Court determines this is not a "class action" within the meaning of CAFA, and the authority upon which the Removing Defendants rely to argue otherwise is not binding and, in any event, not persuasive.

In support of remand, Mr. Black asserts that:

**Memorandum Opinion and Order - Page 7**

> The only "class" that has appeared in the State Court proceedings was the one that emerged in the context of a settlement agreement between a group of intervening Representative [investor] Plaintiffs and [PetroRock]. Mr. Black, the current sole plaintiff, only has an indirect relationship to that class, to the extent that he serves as a fiduciary for the PM Settlement Trust, and to the extent that the class members are beneficiaries of that trust, who may have assigned their claims to that trust.

> The State Court certified that class only for the limited purposes of facilitating [PetroRock's] Windup, to the extent that [PetroRock] was permitted to contribute all of its assets to the PM Settlement Trust for the benefit of the [PetroRock] Investors. The State Court ruled: 'Pursuant to Rule 42 of the Texas Rules of Civil Procedure, **and for the purposes of the Settlement only**, the Representative Plaintiffs are preliminarily appointed as the class representatives for the Settlement Class." *See* Amended Order Preliminarily Certifying Class for Settlement Purposes (emphasis added).

Am. Mot. Remand (ECF No. 14 at 15) (emphasis in original).

The Removing Defendants appear to assert that, because class claims have been assigned to the PM Settlement Trust, all actions brought by Mr. Black against transferees should be classified as "class actions" for the purposes of CAFA. *See* Defs.' Resp. Br. (ECF No. 15 at 17-21). The Court disagrees and finds that Mr. Black has the better argument, namely, that the "configuration of rights here approximates a Chapter 7 trustee's powers under the Bankruptcy Code, whereby the trustee 'steps in the shoes' of creditors and exercises a dual standing – that of the liquidating estate and its creditors – to pursue causes of action against liable third parties." Pl.'s Reply (ECF No. 18 at 9).

Further, the class of PetroRock investors came into being for the sole purpose of settling those investors' claims against PetroRock, only, and not against the non-settling defendants and third parties (which include the Removing Defendants). The class came into being for the settlement and only survived to the extent that it determined who was a beneficiary to the PM Settlement Trust. The purpose of the class has been satisfied, the claims settled, and the consideration exchanged. The "class action" is no longer proceeding and no live pleading

**Memorandum Opinion and Order - Page 8**

articulates a class action or class claim. And, unlike in this action, the court in a class action must review the adequacy of any settlement and take steps to ensure the proper distribution of any judgment or settlement. Here, these steps have already taken place.

The Removing Defendants' reliance on *Addison Automatics, Inc. v. Hartford Casualty Insurance Company*, 731 F.3d 740 (7th Cir. 2013), and *Williams v. Employers Mutual Casualty Company*, 845 F.3d 891 (8th Cir. 2017), is similarly misplaced. First, as these are not cases from the Fifth Circuit, they are not controlling. The only binding authority on this Court are cases from the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court. Authority from these courts is notably absent from the Removing Defendants' briefing. Second, neither of these decisions really informs what the Court should do with this case. In *Williams* the Eighth Circuit explained that "allowing class-action plaintiffs to avoid federal jurisdiction simply by omitting explicit reference to the class-action rule they intend to proceed under would promote the kind of procedural gaming CAFA was enacted to prevent." 845 F.3d at 901. In an earlier suit that preceded the litigation at issue in *Williams*, the plaintiff became the class representative in a class-action against the owner of a mobile home park. *Id.* at 894-95. Williams filed the lawsuit as a garnishment action in state court under Missouri law "as class representative, by and through counsel." *Id.* at 895. The insurers removed the action to federal court under CAFA, and the district court denied Williams's motion to remand. *Id.* On appeal, the Eighth Circuit affirmed, because it was "clear from the pleadings that Williams can bring this case only because of her status as the representative of the class certified under [a Missouri procedural rule], an undisputed analogue of Rule 23." *Id.* at 900.

*Addison* involved a certified class representative's effort to bring a claim in a second suit against the insurer of a third-party that had settled with the class and assigned its rights to insurance

**Memorandum Opinion and Order - Page 9**

funds to the class representative. 731 F.3d at 741-42. Addison attempted to bring the case as an individual suit, but because it "pursu[ed] the rights assigned to it as class representative in the state court class action, [the court found it was] necessarily continuing that class action" in the later suit, thereby justifying removal by the insurer pursuant to CAFA. *Id.* at 743.

In *Addison* and *Williams*, however, the *only* claims being asserted were class claims that had been assigned to the plaintiff. Here, the chief claims were once held by PetroRock itself, claims which have subsequently been assigned to the PM Settlement Trust through the Settlement Agreement and subsequent state court orders, including the April 21, 2023 Final Order Approving Settlement. Unlike in the cases upon which the Removing Defendants rely, Mr. Black brings claims as the court-appointed Windup Agent, with the capacity and standing to sue on behalf of the damaged corporate entity, PetroRock. He is asserting claims on behalf of the now-defunct entity PetroRock against its former directors, officers, managers, and control persons for breaches of fiduciary duty to the corporate enterprise in running what the SEC found was an unlawful oil and gas scheme. He is also bringing claims as Trustee of the PM Settlement Trust, to which the individual investors assigned their claims as part of the consideration of a "limited fund class action settlement" in Texas state court. In light of Mr. Black's dual roles and the terms of the Settlement Agreement and April 21, 2023 Final Approval of Settlement Order, the Court does not find *Addison* or *Williams* fully on point. That class claims were assigned to the PM Settlement Trust does not mean that all actions brought by Mr. Black against transferees become "class actions" for the purposes of CAFA.

For these reasons, the Court determines it does not have subject matter jurisdiction under the class action provisions of CAFA, 28 U.S.C. § 1332(d)(1)-(10).[3]

---

[3] Because the Court concludes this is not a "class action" as defined by CAFA, the Court need not address Mr. Black's alternative argument that the "securities exception" to CAFA bars federal jurisdiction.

**Memorandum Opinion and Order - Page 10**

### 2. "Mass Action" under CAFA

Mr. Black maintains that the Removing Defendants have failed to establish that this action meets the definition of "mass action" because he is the only Plaintiff and, even if the "mass action" provisions applied, they fail to meet their burden of how many, if any, of the purported mass of unnamed investors have individual claims worth more than $75,000. Am. Mot. Remand (ECF No. 14 at 19-22). The Removing Defendants assert that this "matter is a mass action" and, therefore, removeable under CAFA. Defs.' Resp. Br. (ECF No. 15 at 16, 21). For the reasons that follow, the Court determines that this action does not meet the definition of "mass action" under CAFA. The Court, therefore, need not consider Mr. Black's alternative argument.

As previously noted, CAFA defines a mass action as any civil action in which "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). This definition effectively contains three requirements: monetary relief, numerosity, and commonality. First, the claims must be for monetary, not equitable or declaratory, relief. Second, these must be the claims of 100 or more persons. Notably, the Supreme Court has considered the issue and held that the 100-plus persons must be actual named parties, not unnamed real parties in interest. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S 161, 168-169 (2014). Third, Plaintiffs must propose, either implicitly or explicitly, that these claims be tried jointly because they involve common questions of law or fact.

Relying on the Supreme Court's decision in *Hood*, Mr. Black challenges the second requirement only, contending this is "not a 'mass action' within the meaning of the CAFA statute because there is only one plaintiff." Am. Mot. Remand (ECF No. 14 at 19). In response, the Removing Defendants argue that "while Black himself may be the only named party, he is in fact

**Memorandum Opinion and Order - Page 11**

asserting the claim of hundreds of other actual plaintiffs." Defs.' Resp. Br. (ECF No. 15 at 22). Based on *Hood*, the Court rejects the Removing Defendants' argument and finds that this matter does not involve "claims of 100 or more persons" within the meaning of CAFA, 28 U.S.C. § 1332(d)(11)(B)(i).

In *Hood*, the Supreme Court held that "a 'mass action' must involve monetary claims brought by 100 or more persons who propose to try those claims jointly as *named plaintiffs*." *Hood*, 571 U.S. at 164 (emphasis added). In so holding, the Court rejected the argument that real parties in interest should count for the purpose of ascertaining CAFA jurisdiction. *Id.* at 176 ("Congress repeatedly used the word 'plaintiffs' to describe the 100 or more persons whose claims must be proposed for a joint trial. That word refers to actual, named parties—a concept inherently at odds with the background inquiry into unnamed real parties in interest, who by definition are never plaintiffs.").

The Supreme Court's conclusion that the word "persons" in the phrase "100 or more persons" is synonymous with named plaintiffs flowed from a careful statutory analysis. Among other things, the Court noted that a sister provision to the mass-action provision—namely, the class-action provision—explicitly permits the numerosity requirement for class members to be satisfied by counting unnamed parties. *Id.* at 169. It further noted that, in the mass-action provision, "Congress chose not to use the phrase 'named or unnamed.'" *Id.* The Court deemed this omission "intentional." *Id.*

After concluding that the "100 or more persons" and the proposed "plaintiffs" are "one and the same," the Supreme Court then turned to the meaning of the latter term, starting with how it is defined in various dictionaries. "The term 'plaintiff,'" the Court said, "is among the most commonly understood legal terms of art: It means a 'party who brings a civil suit in a court of

Memorandum Opinion and Order - Page 12

law.'" *Id.* at 170 (quoting Black's Law Dictionary 1267 (9th ed. 2009)). A plaintiff, in other words, is "'one who commences a personal action or lawsuit,' or 'the complaining party in any litigation.'" *Id.* (quoting Webster's Third New International Dictionary 1729 (1961)). "It certainly does not mean 'anyone, named or unnamed, whom a suit may benefit,' as respondents suggest." *Id.*

The Removing Defendants attempt to distinguish *Hood* on the ground that "while Black himself may be the only named party, he is in fact asserting the claim of hundreds of other actual plaintiffs." Defs.' Resp. Br. (ECF No. 15 at 22). But this distinction is irrelevant in light of *Hood*.

Trustee, Mr. Black, is the only named plaintiff and, as previously explained, he brings claims in two capacities, as Windup Agent of PetroRock and as Trustee of the PM Settlement Trust, which vests standing in him to pursue both corporate claims belonging to PetroRock and the assigned individual claims of investors that were contributed to the PM Settlement Trust. There are no other named plaintiffs, and the Supreme Court in *Hood* has foreclosed any analysis that requires a determination or consideration of who the "real parties in interest to a suit" might be. *Hood*, 571 U.S. at 175 ("We conclude that Congress did not intend the background inquiry to apply to the mass action provision.").

Because Mr. Black is the only Plaintiff, the Court finds that this matter does not constitute a "mass action" under CAFA.[4] For this reason, the Court determines it does not have subject matter jurisdiction under the mass action provisions of CAFA, 28 U.S.C. § 1332(d)(11).

---

[4] While the Court need not consider Mr. Black's alternative argument pertaining to whether this matter meets the requirements of a "mass action" under CAFA, the Court also agrees with Mr. Black that the Removing Defendants have failed to meet their burden on removal of establishing by a preponderance of the evidence that at least one investor's claim satisfies the $75,000 individual amount in controversy requirement. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 239 (5th Cir. 2015).

**Memorandum Opinion and Order - Page 13**

## B. Request for Attorney's Fees

Mr. Black requests that the Court award him attorney's fees incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Am. Mot. Remand (ECF No. 14 at 24). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the Court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

In support of his request for an award of the costs of removal and attorney's fees, Mr. Black contends that "the removal had no procedural basis, and indeed the Notice of Removal was so vague that it was impossible to determine which part of the State Court proceedings were purported to be removed." Am. Mot. Remand (ECF No. 14 at 24). In response, the Removing Defendants assert that "even if this Court were to grant the motion to remand, it should deny the request for attorneys' fees." Defs.' Resp. Br. (ECF No. 15 at 25). In support, they maintain that "no circumstances suggest that the removal was made in bad faith or otherwise lacked any procedural basis." *Id.*

**Memorandum Opinion and Order - Page 14**

Based on the Court's review of the facts and circumstances and given the complex nature of the underlying state court proceedings, an award of attorney's fees is not warranted. This is not an instance in which the Court can conclude that the Removing Defendants lacked objectively reasonable grounds to believe that removal was legally proper. Accordingly, the Court will deny Mr. Black's request for attorney's fees.

## IV. Conclusion

The Removing Defendants have not met their burden to establish that the instant action qualifies as either a "class action" or a "mass action" under CAFA. Further, the Court discerns no other basis for federal subject matter jurisdiction on the record before it. Accordingly, the Court **GRANTS** Plaintiff's Amended Motion for Remand (ECF No. 14), and **DENIES** his request for attorney's fees. The Court **REMANDS** this action to the 101st Judicial District Court of Dallas County, Texas. The Court **directs** the clerk of court to effect this remand in accordance with the usual procedure.

**It is so ordered** this 22nd day of **June, 2026**.

Ada Brown
UNITED STATES DISTRICT JUDGE